## THOMAS F. CONATY vs. ROBERT S. GARDNER.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The plaintiff had 80 ballots for alderman, and the defendant 82, of
which 3 were smaller than the size prescribed by statute. The latter
was declared elected. On the plaintiff's petition, brought under
Gen. Sts. § 58 (Rev. 1902, § 1823), the judge ordered the ballot-box
opened, found the facts as above stated, declared the smaller ballots-
illegal, and adjudged that the plaintiff had been duly elected.
*Held* :—

1. That the judge did not err in causing the ballot-box to be opened and
the ballots to be recounted. Before ordering such recount he should
be satisfied that the plaintiff's claim is made in good faith, and
upon reasonable grounds, and that the ballots have not been tam-
pered with or disturbed; but what evidence should be considered
sufficient for that purpose is a matter resting largely in his judgment.
and discretion, which will not ordinarily be reviewed upon appeal
to this court.

2. That it was not error to refuse to receive, before the ballot-box was
ordered to -be opened, evidence offered by the defendant to show
that the arrangement of the polling-place did not conform to the
requirements of the statute, nor in holding that the facts proved by
such evidence, when afterwards received, did not render the elec-
tion void, or prevent a decision in favor of the plaintiff upon a re-
count of the votes. Mere irregularities in the arrangement of the
voting rooms and booths, due to the failure of the election officers
to properly perform their duty, will not, in the absence of evidence
showing injurious results, vitiate the election.

3. That notwithstanding the rejected ballots were made of a smaller
size than the law required, through an honest mistake, and were
in good faith cast for the defendant, they did not thereby become
legal and valid ballots, inasmuch as the difference in size was so
marked that it could not be said there was a substantial, or even.
an attempted, compliance with the demands of the statute.

Submitted on briefs April 22d—decided June 6th, 1902.

PETITION alleging the due election of the plaintiff as alder-
man of the city of Derby, and .praying for a certificate thereof,
brought to and heard by the *Hon. Milton A. Shumway*, a judge
of the Superior Court; facts found and judgment rendered

for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*William S. Downs* and *Alfred C. Baldwin,* for the appellant (defendant).

*William L. Bennett* and *Daniel E. McMahon,* for the appellee (plaintiff).

HALL, J. This is a petition brought to a judge of the Superior Court under § 58 of the Gen. Sts. (Rev. 1902, § 1823), in which the petitioner claims that at a special election held on the first Monday of October, 1901, in the city of Derby, in accordance with the provisions of an Act amending its charter, passed in 1891, he was elected one of the aldermen of the second ward of said city, but was not declared elected.

The facts alleged in support of the petitioner's claim are, in brief, that by the provisions of the city charter two persons only were to be elected aldermen of said second ward; that of the 268 ballots returned as legally cast for the three candidates for said office, 106 were returned as cast for William M. Davis, one of the candidates, 82 for the respondent Gardner, and 80 for the petitioner, and that said Davis and the respondent were declared elected; that of the ballots counted for the respondent, six—which were alleged to be of a certain size—were illegal, because they were smaller than the size provided by the law in force at the time of said election, and that if said six ballots had been rejected as they should have been the petitioner would have been elected. The petition requested the judge to hear the evidence and to examine the ballots deposited in the ballot-box.

The respondent filed an answer admitting certain allegations of the petition and denying others, and alleging that the election was conducted in violation of law for the reason, among others, that the polling-place was, in certain particulars, not arranged in accordance with the provisions of the election laws.

VOL. LXXV—4

The petitioner having offered evidence tending to prove that three or more of the alleged illegal ballots were counted for the respondent, that the ballots after having been counted were returned to the box, and showing the manner in which the ballot-box was locked, sealed, and kept, after the ballots had been returned to the box, the trial judge, against the respondent's objection, ordered the ballot-box to be opened, and the ballots to be recounted, and upon such recount, made in court, found 268 ballots in the box, that being the number stated in the counter's certificate and declared by the moderator at the election; that of that number, the candidate Davis had received 96 ballots of the size prescribed by the Act of 1899, and ten of the claimed illegal ballots of smaller size, hereinafter described; that the respondent had received 79 of the prescribed size, and three of the smaller size, and the petitioner 80 of the prescribed size. The judge ruled that said 3 ballots of the smaller size were illegal and should not be counted, and adjudged the petitioner duly elected an alderman of said second ward.

The respondent in his appeal to this court claims that the trial judge erred in ordering the ballot-box to be opened and the ballots to be recounted, upon the ground that the petitioner had failed to make out a *prima facie* case, since it appeared by the evidence that "no return of the votes was made according to law," that the ballot-box "was not sealed or taken care of according to law," that it was not shown before the box was opened how many votes each candidate had and that the result of the election might be changed if the box should be opened, and because it appeared in evidence that a double ballot containing the names of two different candidates for alderman had been placed back in the box so that it could not be distinguished from other ballots in the box.

It is found that the moderator of the election, as a witness for the petitioner, testified that after the count was completed, the counters handed the ballots to him in loose bundles, not tied together, and that he put them into the box, together with the envelopes, and the other tickets concerning the constitutional amendments, in one pile, without being separated

or tied in packages; that two double ballots were found for aldermen that were not counted because they were for opposite candidates, and that "he put these two tickets in the box loose, that they were folded up together but were not tied, and that there were no distinguishing marks on them of any kind, and there was no way to distinguish them from the other tickets in the box"; that there were found three other sets of double ballots for the same candidate, and that one of each set was counted and the other was not put into the box; that after the ballots had been placed in the box, he closed and locked it, and sealed it by placing a piece of paper over the slot on the lid of the box, on which he wrote his name, and pasted another piece of paper over the keyhole; that he deposited the box in the town clerk's office, in the absence of the town clerk, and did not leave any returns with the town clerk; that the counters made out and signed but one certificate which was put in the box, and that he made a copy of it which he left with the city clerk the next day.

The city clerk, as a witness for the petitioner, testified that between 8:30 and 9 o'clock of the morning following the election, he took the ballot-box from the town clerk's office to the city clerk's office, where it remained until about 10 o'clock of that day, when, as testified by said witness and by the town clerk, it was taken to the town clerk's office, where, as testified by the town clerk, it remained until brought into court. It appeared that both the town clerk and city clerk and several other persons had keys to both the town clerk's and city clerk's offices.

The judge of the Superior Court did not err in causing the ballot-box to be opened and the ballots to be recounted upon the evidence which was presented. It was made the duty of the judge by § 58 of the Gen. Sts. (Rev. 1902, § 1823) to hear and determine the claimant's petition, if properly brought before him, and having been thus "charged with inquiring into an election" he possessed the authority, in the performance of such duty, to cause the ballot-box to be reopened and the ballots to be recounted. Gen. Sts. § 247 (Rev. 1902, § 1660).

The statute does not provide what facts must be proved, or what evidence must be offered, before the judge to whom the petition is brought may direct a recount of the ballots to be made. Before ordering such recount he should be satisfied that the petitioner's claim is made in good faith, and upon reasonable grounds; but what evidence should be considered sufficient for that purpose is a matter resting largely in the judgment and discretion of the trial judge, and it will ordinarily not be reviewed upon an appeal to this court.

The evidence offered as to the manner in which the ballots were replaced in the box, and the certificates signed, and the ballot-box closed and kept, did not render it improper for the judge to order the box opened, and to accept as evidence the result of the recount, he having become satisfied upon the evidence before him that the ballots had not been tampered with or disturbed. *Mallett* v. *Plumb*, 60 Conn. 352, 359. The finding is that "the ballot-box was in the same condition as left by the moderator after the close of the election, and that its contents had not been disturbed, or its value as evidence impaired."

The respondent was not injured by the action of the judge in not receiving, before the box was opened, the evidence offered by the respondent to show that the moderator replaced in the box several double ballots cast for the same candidate and double ballots cast for different candidates. This evidence was afterwards received, but the judge refused to find the facts as testified to by the respondent's witnesses. The fact that the number of ballots found in the box corresponded with the certificate of the counters, seems to indicate that these witnesses were mistaken as to such double ballots having been returned to the box.

The trial judge committed no error in refusing to receive, before the ballot-box was ordered to be opened, the evidence offered by the respondent as to the arrangement of the polling-place, and in holding that the facts proved by such evidence, when afterwards received, did not render the election void, or prevent a decision in favor of the petitioner upon a recount of the votes.

The finding shows that the polling-place was in a small building containing but one room, with only one door for ingress and egress; that as one entered, the ballot-booth was on the right hand and the envelope-booth upon the left; that there were four voters' booths upon one side of the room, and three upon the other; that having prepared his ballot the voter came out of the booth by the same door by which he entered, into an open space in front of the booths, and passed to the end of the room to the ballot-box, which stood upon a table, and thence out of the room back of said three booths by the same door by which he entered. It did not appear that this arrangement, in so far as it deviated from the requirements of the election laws, in any way affected the result of the election, or that it was attributable to the petitioner.

The law punishes by fine or imprisonment any person who wilfully fails to perform any duty imposed upon him by the election law, but it makes no provision that ballots shall be void or shall not be counted merely because the arrangement of the polling-place at which they are cast does not in every respect conform strictly to the requirements of the statute. The provision that all ballots cast in violation of the provisions of the election law shall be void and not counted, refers to ballots which the casting voters have failed to prepare and deposit in the manner provided by the statute, rather than to those cast at a voting-place not arranged in every particular as the statute provides. Mere irregularities in the arrangement of the voting rooms and booths, due to the failure of the election officers to properly perform their duty, will not, in the absence of evidence showing injurious results, vitiate the election. *Moyer* v. *Van de Vanter*, 12 Wash. 377.

The three ballots of smaller size, cast for the respondent, were properly rejected. Instead of being six inches long and five and one half inches wide, as required by the law of 1899, they were three inches long and five and one half inches wide. They were printed of that size through an honest mistake of the printer, who supposed that the tickets of that size which he had, and which were of the size used at a city

Conaty v. Gardner.

election two years before and had been prescribed by the secretary of state and printed by the official printer under the statute of 1897, were the legal tickets. The mistake was not discovered until the polls had been open for about an hour, when the smaller ballots were withdrawn and ballots of the size required by the law of 1899 were distributed. But the fact that these ballots were made of a smaller size than required by the law of 1899, by an honest mistake, and that they were in good faith cast for the respondent, does not make them legal ballots. The Act of 1899 not only expressly requires that votes cast for city officers shall be upon ballots six inches long and five and one half inches wide, but with equal clearness provides that ballots which do not conform to the requirements of the Act shall be void and not counted.

The difference between the size of the smaller ballots in question, and those required by the Act of 1899, is so marked that it cannot be said there was a substantial compliance with the requirements of the statute. The facts show that the small ballots were, by a mistake, made to conform in size to the law of 1897, instead of to the law of 1899, and that they not only did not conform, but that it was not attempted to make them conform, in size to the requirements of the Act of 1899.

There was no error in the action and decision of the judge of the Superior Court.

In this opinion the other judges concurred.