## DANIEL J. DONOVAN vs. CHARLES H. S. DAVIS.

* First Judicial District, Hartford, March Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Assignments of error which do not specifically state the errors claimed, as well as those based upon claims which, so far as the record discloses, were not made upon the trial, will not be considered by this court upon appeal.

Upon a petition for a recount of votes under General Statutes, § 1823 as amended by chapter 6 of the Public Acts of 1907, the petitioner must allege the facts on which his claim regarding any ballot-box or boxes is made, and the judge should not order any ballot-box or boxes opened until the petitioner has so alleged and made out a prima facie case upon his allegations. If the trial judge orders the ballot-box or boxes opened and a recount had, the legality of the result thereafter reached depends upon the count of the ballots, and all interlocutory questions, including the legality of the order to open the ballot-box and make the recount, become unimportant.

Upon an appeal from a judgment in such a proceeding, the objection that certain classes of disputed ballots were erroneously counted by the trial judge is not available unless the record contains the number and a full description of the disputed ballots, so as to show what votes they contained and whether the result was affected by them.

Paragraphs of the petition setting forth various alleged mistakes in the count are material and relevant to the petitioner's cause of action and should not be expunged upon motion.

The sufficiency of paragraphs which are material and relevant parts of the cause of action or defense set forth in the pleading or count can be tested only by a demurrer to the whole cause of action or defense and not by a motion to expunge, or by demurrer to, the several paragraphs.

A proper form of demurrer to any one of several causes of action or defenses stated in a single pleading or count would be: "In so far as the pleading or count purports to state the cause of action or defense, viz.          , the plaintiff or defendant, as the case may be, demurs because" (stating the several grounds).

The motion to expunge cannot take the place of the demurrer, or of the motion to strike out. The latter, a rarely available remedy (Practice Book, p. 254, § 181a), is used to remove from the record

* Transferred from third judicial disrtict.

a pleading or motion which is a sham, or frivolous, or improperly filed, or scandalous.

The indiscriminate use of motions to expunge and correct burdens the court and the profession with much unnecessary and profitless labor and should be discouraged, particularly in actions of this character, where the pleadings, although they should approximate the ordinary procedure, should never be permitted to delay a speedy hearing.

In many, perhaps in most, cases, no harm is done in leaving immaterial or irrelevant matter in the pleading and securing its exclusion by objection to its offer on the trial.

Argued March 6th—decided April 11th, 1912.

PETITION for a recount of the ballots cast at the annual election in the city of Meriden in December, 1911, and for the issuance of a certificate to the petitioner as mayor of said city, brought to and heard by the *Hon. Lucien F. Burpee,* a judge of the Superior Court; facts found and judgment rendered for the petitioner, and appeal by the respondent. *No error.*

*Henry T. King* and *James H. Webb,* with whom was *Patrick T. O'Brien,* for the appellant (respondent).

*William C. Mueller* and *Alfred B. Aubrey,* with whom was *George A. Clark,* for the appellee (petitioner).

WHEELER, J.    This is a petition brought by Daniel J. Donovan under General Statutes, § 1823 as amended by chapter 6 of the Public Acts of 1907, p. 591, against Charles H. S. Davis, alleging that a number of ballots were improperly counted for the office of mayor at the city election held at Meriden on December 19th, 1911, and as a result the respondent was declared elected, although in truth the petitioner was elected, and praying for a recount of the ballots and the issuance of a certificate of election to the petitioner.

The first three assignments of error do not specifically state the errors claimed, and for that reason will not

be considered. General Statutes, § 802; *Walker* v. *Waterbury*, 81 Conn. 13, 15, 69 Atl. 1021.

The record does not show that the claims of the seventh assignment of error concerning the disputed ballots were made on the trial, hence they are not before this court. *Decker* v. *Mann*, 80 Conn. 86, 87, 66 Atl. 884. The finding expressly states that "no objection nor exception was made or taken by any one at any time to anything done or omitted, or to any ruling or decision made." For this reason, the finding states no record was kept or memorandum made showing the claims or rulings upon any particular ballot.

As to three classes of marked ballots, the finding states that certain claims were made by the respondent, but the number of these ballots is not known, and we cannot know whether the result was affected by these. The claims are too indefinite to enable us to know what did appear on these ballots, or whether they contained votes for the petitioner or the respondent.

Claim (a) will serve as an example of these: "That five ballots cast with the cross-mark '+' under the printed word 'Yes' in the column containing the water bond proposition should have been counted for the respondent."

As the case comes to us, none of the ballots alleged to have been improperly counted, and no full description of these, are before us. We are therefore not in a position to determine whether the trial judge correctly counted these ballots. Upon this record, the correctness of this count must be accepted, and upon it it is an indisputable fact that on the count of the ballots by the trial judge the petitioner received a plurality of the votes cast.

And in argument the senior counsel for the respondent expressly stated that, upon the record as it existed, he did not attack the correctness of the count as made by

the trial judge, but did attack the certificate issued to the petitioner by the trial judge on two grounds: (1) That the trial judge erred in denying the motion to expunge; (2) that he erred in opening the ballot-boxes.

As to the ruling on the motion to expunge covered by the sixth assignment of error. The paragraphs of the petition complained of set forth various alleged mistakes in the count. The motion to expunge attacks separately the different paragraphs of the petition which alleged the existence of unlawful ballots counted for the respondent, or lawful ballots not counted for the petitioner. These paragraphs are those which are vital to the cause of action.

The necessity for a speedy hearing of actions of this character will forbid the spending of much time in joining issue. The pleadings should approximate the ordinary procedure, but should never be permitted to delay a speedy hearing. If the strictest rules of pleading were to be applied in this case, the motion was properly decided, and these conclusions must result.

If the several parts of this cause of action were irrelevant and immaterial, the complaint was also and should have been attacked as such by demurrer. *Hill* v. *Fair Haven & W. R. Co.*, 75 Conn. 177, 179, 52 Atl. 725. In fact, none of the allegations of the several paragraphs of the petition were so irrelevant or immaterial that they should have been expunged.

If the respondent intended by his motion to attack the sufficiency of these several paragraphs, this could not be done by either a motion to expunge or by a demurrer. A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated, and then only by demurrer. The only remedy "by which to test the sufficiency of a cause of action or defense, whether stated in one pleading, count or defense, or in a paragraph or para-

graphs thereof," is a demurrer. Practice Book (1908), p. 247, § 155(c).

Where, apparently, several causes of action or defense are stated in a single pleading or count, and it is desired to demur to any one of these several causes, a proper method would be to state as to each cause the pleader desires to reach by demurrer: "In so far as the pleading or count purports to state the cause of action or defense, viz. . . ., the plaintiff or defendant, as the case may be, demurs because" (stating the several grounds). In this way a ruling may be had, either sustaining the cause, or eliminating it from the case.

The motion to expunge must be confined to the grounds of the statutory remedy. Public Acts of 1905, p. 366, Chap. 161. It is the only remedy by which to secure the exclusion of matter which is entirely immaterial or irrelevant to any cause of action or defense. It should never be used, except in plain cases. *Bitello* v. *Lipson*, 80 Conn. 497, 503, 69 Atl. 21; *Seidler* v. *Burns*, 84 Conn. 111, 113, 79 Atl. 53.

In many, perhaps in most cases, no harm is done in leaving the immaterial or irrelevant matter in the pleading and securing its exclusion by objection to its offer on the trial. The indiscriminate use of motions to expunge and correct prolongs unduly the joining of issue, and burdens the court and the profession with much unnecessary and profitless labor. Their use, except in plain cases, should be avoided by the profession and discouraged by the trial courts. In no event should the motion to expunge be permitted to take the place of the demurrer, or of the motion to strike out—a rarely available remedy—by which any pleading or motion which is a mere sham, or frivolous, or improperly filed, or scandalous, is removed from the record. Practice Book (1908), p. 254, § 181(a).

The fourth and fifth assignments of error were prob-

ably intended by the petitioner to cover his main contention, that the court erred in ordering the ballot-boxes opened. The objection that these assignments are not made as specifically as our law and practice require, is well taken. The fact that no exception was taken to the rulings of the trial judge would also forbid their consideration on appeal. But the public character of the case and the practical importance of the question involved lead us to briefly discuss it upon the merits.

Our law provides a procedure for conducting a city or town election, and a result found and declared under its safeguards should stand until overcome by affirmative proof. It provides a method for a judicial recount of the ballots, involving a petition, alleging the facts on which the recount is based, and a hearing thereon. Under our practice, the judge hears testimony for and against the petition, and if in his judgment a prima facie case has been made out he orders the ballot-box or boxes opened and a recount had.

If the judge orders the boxes opened when a prima facie case has not been made out, or commits some other irregularity preceding the opening of the boxes, his order or ruling, though erroneous, cannot ordinarily be reviewed; for when once the ballot-boxes are opened and the ballots counted, the legality of the result depends upon the count of the ballots, and all interlocutory questions become unimportant.

If the count shows that *A* was elected instead of *B*, the only issue of moment is whether the count is correct. If it is, the decision must follow the count and the certificate issue, for public policy could not tolerate the setting one side of a lawful result because of some erroneous ruling of the judge prior to the opening of the box. *Blue* v. *Peter*, 40 Kan. 701, 20 Pac. 442.

In *Conaty* v. *Gardner*, 75 Conn. 48, 52, 52 Atl. 416, we stated the rule governing this issue: "The statute

does not provide what facts must be proved, or what evidence must be offered, before the judge to whom the petition is brought may direct a recount of the ballots to be made. Before ordering such recount he should be satisfied that the petitioner's claim is made in good faith, and upon reasonable grounds; but what evidence should be considered sufficient for that purpose is a matter resting largely in the judgment and discretion of the trial judge, and it will ordinarily not be reviewed upon an appeal to this court." And in *State ex rel. Andrew* v. *Lewis,* 51 Conn. 113, 123, thus: "Under this statute a petitioner must allege the facts on which his claim to have been elected is based, and he must prove those allegations by preponderance of evidence as in all other cases. If he claims that mistakes had been made in the counting of votes in some particular ward or wards of the city, the correction of which would change the result, he must make out a *prima facie* case that such mistakes had been made before a recount of the votes in such ward or wards can be made. In such cases it will be presumed that the counting of votes in all the other wards of the city was correct, until the contrary appears. The respondent may lay the foundation by his answer and evidence for a recount of the votes in such other wards, if mistakes to his prejudice therein had been made."

If we assume the respondent is right in his interpretation of this finding, that the judge decided the evidence submitted was not sufficient to warrant the opening of the first ward box and thereupon heard the evidence concerning the fourth ward, and forthwith ordered all five boxes opened, although the most the petitioner could claim under the evidence relating to the fourth ward was that the total vote was a tie, we cannot set this judgment one side.

By this record the method of counting the ballots

was unexceptional, all the lawful ballots have been counted, and the result reached is admittedly correct. It could not serve any public purpose to set aside a result which is exactly what another count must reach, if conducted fairly and accurately. That would be a futile proceeding, and one directly contrary to sound public policy. It would permit a technical defense to triumph, at least temporarily, over the truth.

There is no error in the action and decision of the judge of the Superior Court.

In this opinion the other judges concurred.