## WILLIAM CRUICKSHANK
### vs.
## SAUL BUDNICK

Superior Court     New London County     File #11501

Present:   Hon. ALLYN L. BROWN, Judge.

Edwin W. Higgins,        Attorney for the Plaintiff.

Arthur B. Keefe,        Attorney for the Defendant.

## MEMORANDUM FILED DECEMBER 27, 1935.

BROWN, J. Stripped of its intervening phrases, the part of paragraph 2 of the complaint attacked by this demurrer reads as follows: "The defendant while operating said motor vehicle failed to observe the laws of the road governing the operation of motor vehicles, in that . . . . although the defendant's motor vehicle and the plaintiff on foot, a pedestrian, were arriving at the intersection of said streets at approximately the same time, and the plaintiff was approaching the defendant from the defendant's right, the defendant did not grant to the plaintiff the right of way at such intersection." This wording makes clear that one of the grounds relied upon by the plaintiff in his complaint as alleged, is this claimed failure of the defendant to grant to the plaintiff under the

circumstances, the right of way, which the wording of the complaint, as quoted, as well as the claims set forth in the plaintiff's brief on this demurrer, make plain is relied upon under the provision of **Section 1639 of the General Statutes** entitled, "Rules of the Road".

While the demurrer would be more artistic in form if the words quoted therein, from paragraph 2 of the complaint already recited, were specifically demurred to "in so far as they purport to set forth a cause of action", **(Donovan vs. Davis, 85 Conn. 394, 397),** since the allegations of paragraph 2, quoted in the first paragraph hereof, make clear that the provision of the statute recited, is relied upon as a cause of action, the demurrer as worded sufficiently raises the question in this case. And concretely the question is this: Does the provision of the statute that "each driver or operator of a vehicle approaching any intersecting public street or highway shall grant the right of way at such intersection, to any vehicle approaching from his right, provided such vehicles are arriving at such intersection at approximately the same time," apply in the case of a pedestrian and vehicle, as here, or only to the case of two vehicles involved?

It is my conclusion that this provision is only applicable in the latter case, and so does not apply in the principal case. The wording of the first sentence and the second sentence of Section 1639 makes clear that as to the rules of the road therein laid down, they are applicable to pedestrians and to vehicles. The wording of the third and fourth sentences thereof clearly indicates that they are applicable only to the drivers of vehicles, as distinguished from pedestrians. In so far as its wording goes, the fifth sentence of this section might be applicable either to pedestrians or the driver of a vehicle, although I take it that the recognized construction is that it is applicable primarily at least to the drivers of vehicles only. But be this as it may, the sixth sentence, which is the provi- sion of the statute above quoted and here in question, by its wording is expressly limited in its application to vehicles and their drivers or operators, and is not applicable to a pedestrian.

Nor can the clause demurred to, be saved as merely de- scriptive, or, to put it in the words of the plaintiff's brief, because it "simply states the situation of the vehicle and its relation to the plaintiff at the point of contact between the

two", for as above pointed out, it is specifically set forth as a violation of the rules of the road and as such a cause of action relied upon in the complaint.

For the reasons stated, the demurrer is sustained.