## DYSART et al. v. REMINGTON RAND, Inc.

### DYSART v. SAME.

### Nos. 3978, 3979.

District Court, D. Connecticut.

Oct. 11, 1938.

Robert P. Butler, of Hartford, Conn., for plaintiffs.

George H. Cohen, of Hartford, Conn., for defendant.

THOMAS, District Judge.

These are two companion actions seeking damages from the defendant for the use of a patent claimed to have been the property of one Birney Dysart. Both actions are based upon the same contract. No. 3978 is brought in behalf of the pat-

entee's heirs, and No. 3979 by the executrix of his estate. Both cases were originally brought in the state court. Removal to this court was predicated on diversity of citizenship. The motions are directed to paragraph 10 of the Complaint as amended. In view of the fact that the same ruling on the motions will apply in each case, the motions will be decided in one memorandum.

The Complaint embodies two counts, the averments whereof have been amplified by a more specific statement made in response to a motion therefor.

In the first count, it is alleged that one Birney Dysart invented a mechanical device in 1919 for which he thereafter made application for the issuance to him of letters patent. In 1923–24 he entered into an oral agreement with Dalton Adding Machine Company.

It is further alleged that: "Said agreement provided that the Dalton Adding Machine Company pending the issuance of letters patent upon the invention might use said invention and device; that when the value of such invention should be determined proper compensation for an assignment or proper compensation for the past and future use of said invention and device by said company should also be fixed, but in any event within a reasonable time after the issuance of letters patent; and that thereupon said company would forthwith compensate Birney Dysart either for an assignment or for said use of said invention and device."

In 1927 the defendant purchased all of the assets and assumed all of the liabilities of Dalton. Letters patent were issued on or about September 15th, 1935. In 1933, the plaintiffs succeeded to the ownership of the device and invention, and presumably to the letters patent. Since 1924, the Dalton Adding Machine Company and the defendant have used the device and invention in the manufacture of a large number of adding machines, but the defendant has, since the issuance of letters patent, refused to agree with the plaintiffs concerning compensation. The reasonable value of the use of the device since the plaintiffs became the owners is alleged to be $250,000.

All of these allegations are incorporated into the second count, with the further averment that the defendant has not accounted to the plaintiffs or their predecessor for the sums due, or for the number of machines equipped with this device sold and manufactured by them, although such account and disclosure have been demanded.

The plaintiffs claim $250,000 damages, a discovery, a general accounting and general equitable relief.

The motions to strike and expunge are based on the contention that the agreement, as alleged by the plaintiffs, provided for no accounting, nor for any specific method of computing compensation, and that, therefore, the allegations in paragraph 10 are "immaterial, irrelevant and improper."

The plaintiffs in their brief claim, however, that the action is in equity, and that in equity, a right to an accounting is based on equitable considerations which in nowise depend upon an express agreement therefor.

It would perhaps be well to determine at the outset whether we are in equity or in the law forum. Whatever question might have existed on this point, seems to me to have been removed by the stipulation of March 14th, 1938, which reads: "It is hereby stipulated and agreed by and between the parties hereunto acting by their respective attorneys that this cause be transferred from the equity side of this Court where it now is, to the Law side; that it be given a law number and that it be proceeded with as an action at law and not as an action in equity."

In view of this stipulation the contention by the plaintiffs that this cause is in equity seems to me to be inconsistent. While it is permissible to join a claim in equity with a claim at law in the same complaint, the point here is, that the parties, by their stipulation, placed an agreed construction upon the pleadings and I am not permitted to disregard the written stipulation on file.

In an action at law, however, the practice which applies is that of the State of Connecticut. Section 5515 of the Connecticut General Statutes, Revision of 1930, provides that a motion to expunge lies for "unnecessary repetition, prolixity, scandal, impertinence, obscurity or uncertainty in any pleading, or the incorporation of irrelevant, immaterial or evidential matter."

As the defendant claims that the matter which is sought to be expunged is irrelevant and immaterial, it brings itself

squarely within the Connecticut practice, and the only question that remains, is whether that claim is tenable.

In considering this question, I think we may disregard the fact that the impugned matter is put into a second count. The relevancy and materiality of paragraph 10 of the complaint would be the same if the paragraph had been added to the first count. So viewed, I am not disposed to determine its irrelevancy as a mere matter of pleading; the entire trend of Connecticut practice is against the granting of this motion. The language of Donovan v. Davis, 85 Conn. 394, 82 A. 1025, is typical, and speaking of a motion to expunge, the Court, inter alia, said [page 1026]: "It should never be used, except in plain cases. * * * In many, perhaps in most, cases, no harm is done in leaving the immaterial or irrelevant matter in the pleading and securing its exclusion by objection to its offer on the trial. The indiscriminate use of motions to expunge and correct prolongs unduly the joining of issue, and burdens the court and the profession with much unnecessary and profitless labor. Their use, except in plain cases, should be avoided by the profession and discouraged by the trial courts. In no event should the motion to expunge be permitted to take the place of the demurrer; or of the motion to strike out—a rarely available remedy—by which any pleading or motion which is a mere sham, or frivolous, or improperly filed, or scandalous, is removed from the record."

In this connection, it may perhaps be well to call the attention of counsel to the fact that the new Rules of Federal Procedure are now in force, 28 U.S.C.A. following section 723c. These rules became operative September 16th, 1938, and are applicable to pending actions. Under them, both parties have unlimited scope of pre-trial examination of one another. If the number of devices used by the defendant or the amount of moneys received from the sale thereof becomes at all material to the determination of the amount of plaintiffs' damages, discovery along those lines may be had regardless of the absence of paragraph "10" from the complaint.

The Court is not to be regarded as expressing any opinion on the question of the proper measure of plaintiffs' damages upon the sort of contract pleaded by them, nor as to how such damages are to be proven. Here it is dealing solely with a question of pleading.

All motions to expunge and strike out are denied.

Submit order properly consented to as to form.