[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue is whether count two, paragraph 16 of plaintiff's complaint is legally insufficient because the plaintiff fails to allege the requisite outrageous conduct necessary to state a claim for emotional distress and mental CT Page 1957 anguish?
This Court concludes that the defendant's motion to strike is hereby denied.
The plaintiff, Manual Texixeira, filed a six count complaint against the defendant Scranton Motors, Inc., for damages he allegedly sustained as a result of his automobile purchase from the defendant, Scrant Motors, Inc. In count one the plaintiff alleges negligent misrepresentation; in count two the plaintiff incorporates the allegations of count one and alleges violations of CUTPA and Connecticut Agency Regulations; in count three, plaintiff alleges breach of warranty; in count four, the plaintiff requests recision of the purchase; in count five, the plaintiff alleges violations of the Magnuson-Moss Warranty Act, 95 U.S.C. § 2301 (3); and in count six, the plaintiff alleges violations of the Connecticut Uniform Commercial Code.
Specifically, plaintiff alleges in count two, that the defendant's advertising, sales promotions, presentations and statements constitute a violation of the Unfair Trade Practices Act. Plaintiff later amended count two, paragraph 16 to allege that as a result of defendant's violations he suffered mental and emotional distress and is entitled to compensatory damages. Defendant filed a motion to strike this paragraph from the complaint. Defendant filed a supporting memorandum. Plaintiff filed a timely memorandum in opposition.
"The purpose of a motion to strike is to `contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted."' Conn. Practice Book Section 152; Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). In ruling upon a motion to strike the court is limited to the facts alleged in the complaint. Gordon, 200 Conn. at 170; Rowe v. Godou,209 Conn. 273, 278 (1983). In ruling upon a motion to strike the facts alleged in the complaint are construed in a manner most favorable to the pleader. A motion to strike will be sustained only when the pleading as a whole fails to state a cause of action or defense; no separate paragraph thereof is by itself subject to be stricken. Schrader v. Rosenblat,26 Conn. Sup. 182, 183 (1965). A single paragraph or paragraphs can only be attacked for insufficiency; when a cause of action is therein attempted to be stated, and then only by demurrer. Donovan v. Davis, 85 Conn. 394, 397 (1912).
Plaintiff amended count two of his complaint to include the following: CT Page 1958
 "As a result of the foregoing actions and conduct on the part of Scranton, Plaintiff suffered mental and emotional distress as well as financial damage and is entitled to compensatory damages, including damages for mental and emotional distress, punitive damages and the cost this action including a reasonable attorney's fee."
Defendant has moved to strike this paragraph on the ground that plaintiff failed to allege the requisite elements for a claim of infliction of an emotional distress. Defendant also contends that CUTPA is not designed to furnish rights and remedies for personal injury cases and emotional distress recovery. Defendant argues that plaintiff's case is more like a breach of contract claim where recovery for tort damages is limited. It is noted that defendant's moving to strike a paragraph of the complaint is impermissible unless the paragraph states a separate cause of action. See Donovan, 85 Conn. at 396. It appears that the amended paragraph does not state a separate cause of action, but seeks damages in addition to statutory CUTPA damages. Accordingly, the defendant's motion to strike is denied.
So Ordered,
ARTHUR L. SPADA, J.