[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 102)
Defendant's motion to strike is denied because each of the grounds defendant relies upon are directed to single paragraphs of plaintiff's complaint.
"A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated, and then only by demurrer." The Grove Corporation v. Tinty, 3 Conn. L. Rptr. 647, 649 (Hennessey, J., January 4, 1991), quoting Donovan v. Davis, 85 Conn. 394 397, 82 A. 1025
(1912). Furthermore, "[a] motion to strike a single paragraph is technically improper when the paragraph does not purport to state a cause of action. Michaud v. St. Mary's Hospital,4 Conn. L. Rptr. 442, 443 (Byrne, J., August 21, 1991), citing Schrader v. Rosenblatt, 26 Conn. Sup. 182, 183 (1965). See also Northrop v. Town of Clinton, 14 Conn. Sup. 28, 31 (1946).
 If the pleading being demurred to contains a single count or a single defense, the demurrer must be addressed to the entire complaint or defense. It may not be addressed to separate paragraphs of the pleadings, for it is the total of a pleading not the individual paragraphs, which must set up a cause of action or defense. A demurrer will be sustained only when CT Page 4569 the pleading as a whole fails to state a cause of action or defense; No separate paragraph thereof is by itself demurrable.
(Emphasis added.) Ahsan v. Olsen, 3 CSCR 55 (Wagner, J., November 9, 1987), quoting Stephenson, Conn. Civ. Proc. 94(a), p. 190.
In the present case, the defendant attacks the legal sufficiency of paragraphs 21 and 22[1] of the first cause of action in plaintiff's complaint. The defendant also moves to strike the corresponding prayers for relief contained in paragraphs 1(b) and 2 of plaintiffs Prayer for Relief. Defendant's Motion To Strike is denied because it is the total of the pleading and not individual paragraphs which sets up a cause of action. The plaintiff attempted to set up the First Cause of Action in three paragraphs by alleging that the defendant has a duty to supervise the accurate recording of vital statistics under General Statutes 19a-40 in paragraph 20; that part of the defendant's responsibility was to ensure the accuracy of the plaintiff's birth certificate in paragraph 21; and that by failing to correct the plaintiff's birth certificate, defendant has failed to perform her statutory duty in paragraph 22. Defendant attempts to have only paragraphs 21 and 22 stricken. Paragraphs 21 and 22 standing alone do not state a cause of action without reference to paragraph 20 as was intended by the plaintiff when plaintiff plead the three paragraphs as his "First Cause of Action." Thus, since the individual paragraphs standing alone do not purport to state a cause of action, defendant's motion to strike paragraphs 21 and 22 is denied without prejudice.
Defendant's motion to strike the corresponding prayers for relief is also denied without prejudice.
BALLEN, JUDGE