[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #115
The plaintiffs, Michael and Linda Zavo, bring this action to recover for an alleged breach of contract in connection with the sale of real estate and a newly constructed house. Named as defendants are Michael and Emily Montanaro.
In an amended complaint filed on September 16, 1994, the plaintiffs allege that on January 28, 1993, they entered into a written contract to purchase the defendants' property located in Trumbull, along with a new home that Michael Montanaro was constructing on the property. The plaintiffs allege that Michael Montanaro warranted that all construction would be performed in a good and workmanlike manner, and that he would correct any defects in the workmanship and materials for a period of one year from the closing date (February 16, 1993). The plaintiffs allege that certain work performed and materials used were defective, and that Michael Montanaro breached his promise to repair these defects. The plaintiffs further allege that after they commenced the present action and obtained a prejudgment attachment of Michael Montanaro's real property (located in Easton), he fraudulently conveyed his interest in the property to Emily Montanaro.
Counts one and three of the amended complaint sound in breach of contract. In count two, the plaintiffs allege that Michael Montanaro violated General Statutes § 47-116 et seq. by failing to repair the construction defects in the house. In counts four and five, the plaintiffs allege that Michael Montanaro fraudulently conveyed his interest in certain real property to his spouse, Emily Montanaro, for no consideration in order to avoid attachment of this property. In count six, the plaintiffs allege that the defendants violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. In support of their CUTPA claim, the plaintiffs incorporate various allegations from counts one through five into count six.
On October 24, 1994, the defendants filed a motion to strike count six of the amended complaint (#115), on the ground that the allegations against Emily Montanaro do not constitute a legally sufficient CUTPA claim. More specifically, the defendants contend CT Page 371 that Michael Montanaro's actions in transferring his interest in real property to Emily Montanaro do not constitute "trade" or "commerce" as defined in CUTPA. On November 10, 1994, the plaintiffs filed a memorandum in opposition. The plaintiffs contend that the defendants' motion is procedurally improper because the defendants are attempting to strike individual paragraphs instead of the entire count.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91,108-09, 491 A.2d 368 (1985).
A review of count six reveals that the plaintiffs base their CUTPA claim on Michael Montanaro's alleged failure to correct defects in the workmanship and materials used to construct the plaintiffs' house, as well as on his alleged violation of General Statutes § 47-116 et seq. (Amended complaint, count six, ¶¶ 1-11.) The plaintiffs' CUTPA claim is also based upon Michael Montanaro's alleged fraudulent conveyance of his real property to Emily Montanaro. (Amended complaint, count six, ¶¶ 12-17.) The defendants, in filing the present motion to strike, seek to have paragraphs 12 through 17 removed from count six on the ground that with respect to Emily Montanaro, this single act (the receipt of Michael Montanaro's interest in real property) does not constitute a wrongful act committed in the conduct of any "trade" or "commerce."
The court reasons that even if the defendants' argument is a correct statement of the substantive law with respect to CUTPA, their motion to strike is procedurally improper. "A motion to strike a single paragraph is technically improper when the paragraph does not purport to state a cause of action." Michaud v.St. Mary's Hospital, 4 Conn. L. Rptr. 442, 443 (August 21, 1991, Byrne, J.). Likewise, where "individual paragraphs standing alone do not purport to state a cause of action,"a motion to strike CT Page 372 cannot be used to attack the legal sufficiency of those paragraphs.Jaramillo v. Adis, 8 CSCR 660 (May 5, 1993, Ballen, J.). See alsoAhsan v. Olsen, 3 CSCR 55 (November 9, 1987, Wagner, J.). "A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated. . . ." The Grove Corporation v. Tinty, 3 Conn. L. Rptr. 647, 649 (January 4, 1991, Hennessey, J.), quoting Donovan v. Davis,85 Conn. 394, 397, 82 A. 1025 (1912).
In the present case, the plaintiffs are not attempting to state a cause of action in paragraphs 12 through 17 of count six. Rather, the plaintiffs' CUTPA claim is dependent upon the facts alleged in all of paragraphs contained in count six. Since paragraphs 12 through 17 contain allegations of misconduct on the part of both Michael and Emily Montanaro, they cannot be stricken with respect to only Emily Montanaro. Therefore, the court denies the defendants' motion to strike count six of the amended complaint.
COCCO, JUDGE