[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REVISED MOTION TO STRIKE NO. 108
On November 18, 1994, the plaintiff, Susan Campbell, filed a three count complaint against the defendants, the Parking Authority for the City of Danbury ("Authority"); the City of Danbury ("City"); John McGarry, Sr., the chairman of the board of directors of the Authority; and Terrence A. McNally, the manager of the Authority's garage on Delay Street, alleging violations of the Connecticut Fair Employment Practices Act ("FEPA"), General CT Page 10211 Statutes, Sec. 46a-51 et seq., based on repeated acts of sexual harassment.
In count one of her complaint, Campbell alleges that McGarry, who visited the garage periodically, sexually harassed and assaulted her on numerous occasions, all without her consent. Campbell further alleges that "[o]n several occasions during the period from September 1992 through November 1992, the plaintiff told her other supervisors at the defendant Parking Authority about the conduct of the defendant John McGarry, Sr. and requested that they take immediate and adequate steps to prevent the actions by the defendant John McGarry, Sr." Despite these protestations, the Authority did nothing.
Count one continues by alleging that the Authority, the City and McNally "permitted, condoned, ratified and/or failed to prevent the sexual harassment by the defendant John McGarry, Sr. against the plaintiff" in that they failed to implement appropriate policies; failed to adequately train employees; failed to implement guidelines to deal with sexual harassment; and failed to halt McGarry's harassment, all in violation of General Statutes, Sec. 46a-51 et seq.
Campbell also alleges in count one that McNally discriminated against the plaintiff in the terms, conditions or privileges of her employment because although he knew that the plaintiff was being subjected to the continuous sexual harassment by the defendant, John McGarry, Sr., he permitted McGarry to continue harassing and assaulting Campbell. Campbell further alleges that the Authority, the City and McNally aided and abetted the discriminatory employment practices of McGarry. Based on the aforementioned conduct, Campbell filed a complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO) that was never acted on, whereupon the CHRO issued Campbell a written release to institute a civil action.
Count two incorporates the allegations of count one and further alleges that subsequent to McGarry's sexually harassing activities, the Authority, the City and McNally reduced Campbell's hours and then terminated her, in violation of General Statutes, Secs. 46a-60(a)(1); (a)(4) and (a)(8), based on her sex and as a result of the complaints she lodged against McGarry.
Count three incorporates the allegations contained in counts one and two and further alleges that the Authority, the City and CT Page 10212 McNally terminated her based on her marital status in violation of General Statutes, Sec. 46a-60(a)(1) and delayed providing her with medical benefits based on her sex, also in violation of section 46a-60(a)(1).
On April 28, 1995, the Authority, the City and McNally filed a revised motion to strike that sets forth two grounds for the granting of the motion. The first ground presented is that portions of count one and two should be stricken insofar as they allege violations of sections 46a-60a(a)(1) and (a)(8) of FEPA by "McNally in his individual capacity because he is not an `employer' covered by these statutes." The second ground for the motion is that portions of count three should be stricken insofar as it alleges "sex discrimination in violation of Conn. Gen. Stat, Sec. 46a-60(a)(1), because the alleged delay and denial of medical benefits by the Parking Authority based on the cost of those benefits does not constitute sex discrimination." The Authority, the City and McNally also filed a memorandum of law in support of their motion.
Campbell filed an untimely opposition memorandum on May 23, 1995, fifteen days after the matter had been submitted on the papers at short calendar. See Practice Book, Sec. 155 ("[i]f an adverse party objects to this motion he shall, at least five daysbefore the date the motion is to be considered on the shortcalendar, file and serve . . . a memorandum of law"). (Emphasis added.) Moreover, the untimely memorandum is further flawed by its failure to cite any legal authority addressing the defendants' arguments. See White v. White, Superior Court Judicial District of Danbury, Docket No. 31 85 54, p. 3 n. 5 (April 25, 1995, Riefberg, J.) ("[w]hen a memorandum of law fails to cite any legal authority, the memorandum is functionally equivalent to no memorandum at all").
Thereafter, on June 26, 1995, forty-nine days after the matter was taken on the papers, Campbell filed a document entitled "Plaintiff's Second Objection to Defendant's Revised Motion to Strike."
"`The purpose of a motion to strike is `to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In considering the ruling upon the motion to strike . . . [the court is] limited to the facts alleged in the CT Page 10213 complaint." King v. Board of Education, 195 Conn. 90, 93,486 A.2d 1111 (1985). "`The court must construe the facts in the complaint most favorably to the plaintiff.'" Novametrix MedicalSystems v. BOC Group, Inc., supra, 224 Conn. 215. In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel HebrewAcademy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (Super.Ct. 1983).
Defendants' motion to strike is aimed at portions of the three counts of Campbell's complaint. The first ground presented is that portions of count one and two are legally insufficient to state a claim upon which relief can be granted under sections 46a-60a(a)(1) and (a)(8) of FEPA by "McNally in his individual capacity because he is not an `employer' covered by these statutes." The second ground is that a portion of count three is legally insufficient since it alleges "sex discrimination in violation of Conn. Gen. Stat., Sec. 46a-60(a)(1), because the alleged delay and denial of medical benefits by the Parking Authority based on the cost of those benefits does not constitute sex discrimination."
A motion to strike a portion of a count of a complaint is inappropriate. See Practice Book, Sec. 152 (motion to strike may be used to test "the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof . . ."). The present motion to strike does not attempt to strike the entire complaint nor one or more counts thereof; rather, it attempts to strike two bases of liability against McNally and one basis for liability against all the defendants, all three of which bases have allegations interspersed throughout the complaint.
A motion to strike may also be utilized to attack "`[a]n individual paragraph contained in a complaint . . . [if] it embodies an entire cause of action.'" Scovish v. Upjohn Company, Superior Court Judicial District of New London, Docket No. 52 65 20 (March 8, 1994, Austin, J.); see also Donovan v. Davis,85 Conn. 394, 397-98, 82 A. 1025 (1912) ("[t]he only remedy `by which to test the sufficiency of a cause of action or defense, whether stated in one pleading, count or defense, or in a paragraph or paragraphs thereof,' is a . . . [motion to strike]"). In the present case, however, the defendants are not moving to strike a paragraph of the complaint that "`embodies an entire cause of action.'" Scovish v. Upjohn Company, supra. Rather, they are attempting to strike portions of nearly every CT Page 10214 paragraph of the complaint as it relates to McNally and as it relates to the allegations of untimely provision of medical benefits to Campbell. This is an inappropriate use of a motion to strike.[1] Practice Book, Sec. 152; Scovish v. Upjohn Company, supra.
Accordingly, the motion to strike is denied.
Stodolink, J.