[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
The plaintiff is a second grader who was seriously injured after he was pushed by another student during school recess time and fell onto a stone walkway that ran adjacent to the main play area. The plaintiffs' complaint alleges negligence against the other student, negligent supervision against the teachers, principal, superintendent, local school board and town, and nuisance against the superintendent, school board and town. The defendants filed a joint answer, in which they asserted the Recreational Use Statute, General CT Page 966 Statutes § 52-557g, and governmental immunity as special defenses. The plaintiff filed a motion to strike these special defenses. The court finds that the Recreational Use Statute is inapplicable to the present case. Further, children injured while at school fall within the identifiable person subject to the imminent harm exception to the defense of governmental immunity. Therefore, the plaintiffs' motion to strike the defendants' second and third special defenses is granted.
FACTS
The plaintiff, Stephen Rosen, through his mother and next of friend Gena Matarese, commenced this action by filing a complaint on July 19, 1993. The original complaint was amended on June 10, 1994, and a final amended version was filed in fourteen counts on June 10, 1994. The complaint alleges that on September 17, 1991, the plaintiff was attending the second grade at the Deans Mill School, Stonington, Connecticut, and that while at recess he was verbally abused and then pushed down by defendant, S. Jordan Wells (count six), a fellow student. The plaintiff fell on a stone walkway that ran adjacent to the main play area and suffered broken bones in both his upper and lower arm. The complaint further alleges that the injury to the lower arm required surgery to repair.
Counts one through five of the complaint sound in negligence against teachers and/or employees of the Deans Mill School, Evelyn Careb (count one), Nance Morin (count two), Leslie Camp (count three), Marie Rosatti (count four), and the school principal, Conrad Bordeen (count five), for failure to properly supervise. The complaint also alleges negligence against Thomas F. Reale, Jr., superintendent of Stonington Schools (count seven), the Town of Stonington Board of Education (Board of Education) (count eight), and the Town of Stonington (Town) (count nine) for failure to properly supervise its employees and to provide safe facilities. The complaint further alleges nuisance against Reale (count ten), the Board of Education (count eleven), and the Town (count twelve). The complaint also alleges that the Board of Education (count thirteen) and the Town (count fourteen) are liable to the plaintiff as indemnitors of their employees.
The defendants filed a joint answer with two special CT Page 967 defenses on July 7, 1994. The first special defense asserted the plaintiffs' own negligence, and the second special defense asserted qualified governmental immunity. The plaintiff filed a reply to the defendants' special defenses on September 12, 1994. On August 18, 1995, the defendants amended their answer to include a third special defense that the plaintiffs' action was barred by the Recreational Use Statute, General Statutes § 52-557g. The plaintiff filed the present motion to strike the defendants' second and third special defenses on September 8, 1995. The defendants filed an objection to the motion on October 12, 1995. Pursuant to Practice Book § 155, both parties have submitted appropriate memoranda of law in support of their respective positions.
DISCUSSION
"The only remedy by which to test the sufficiency of a cause of action or defense, whether stated in one pleading, count or defense, or in a paragraph or paragraphs thereof, is a [motion to strike]." Donovan v. Davis, 85 Conn. 394,397-98, 82 A. 1025 (1912). A [motion to strike] may be filed by any party: a defendant can [move to strike] the complaint; a plaintiff can [move to strike] a special defense . . . ."Nowak v. Nowak, 175 Conn. 112, 116-17, 394 A.2d 716 (1978). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Merideth v.Police Commission, 182 Conn. 138, 140-41, 438 A.2d 27 (1980). "[A] trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "[L]egal conclusions or opinions stated in the complaint", however, are not considered to be part of the facts. S.M.S. Textile v.Brown, Jacobson, Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "[The court must construe] the facts alleged in the complaint in a light most favorable to the [nonmoving party]." RK Constructors, Inc. v.Fusco Corp. , 231 Conn. 381, 384, 650 A.2d 153 (994).
The plaintiff argues that he, as a child injured on school grounds while attending school, falls under the "identifiable person subject to imminent harm" exception to the defense of governmental immunity. It has been stated that: CT Page 968
 The result of this network of statutory and constitutional provisions [imposing supervisory duties upon the superintendent and making it mandatory that children of certain ages to attend school] is that the superintendent of schools bears the responsibility for failing to act to prevent the risk of imminent harm to school children as an identifiable class of beneficiaries of his statutory duty of care. At least during school hours on school days, when parents are statutorily compelled to relinquish protective custody of their children to a school board and its employees, the superintendent has the duty to protect the pupils in the board's custody from dangers that may reasonably be anticipated . . . .
(Plaintiffs' Brief, pp. 6-7; citing Burns v. Board of Education,228 Conn. 640, 649-50, 638 A.2d 1 (1994)). The Court went further inBurns to state that "accordingly governmental immunity is no defense." Id., 650. In the present case, the seven year old plaintiff was allegedly injured by another student and/or a defective condition while on school grounds and while attending school. Therefore, the defendants' are precluded from asserting the defense of governmental immunity in the present case under the reasoning of Burns. Id. It follows that the defendants' second special defense must be stricken.
The plaintiff also argues that the defendants' third special defense should be stricken, because this court has already ruled that "the Recreational Use Statute is inapplicable to the instant case." (Plaintiffs' Brief, pp. 8). The plaintiff is correct, and the court reaffirms its prior ruling at this time. (Memorandum of Decision on Defendants' Motion to Strike, January 12, 1994, pp. 3 n. 1.). Therefore, the defendants' third special defense must be stricken.
CONCLUSION
Based on the foregoing, the plaintiffs' motion to strike the defendants' second and third special defenses is granted.
Hurley, J. CT Page 969