[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE #118
I
The minor plaintiff, Christel Goodling, brings this action through her parent and next of friend, the plaintiff Carleen Goodling. The suit is brought pursuant to General Statutes § 52-592, the accidental failure of suit statute.
The complaint alleges that from about August 1991 to about October 19, 1991, when the minor plaintiff was two years of age, the plaintiffs occupied apartment three in the building located at 62 Williams Street, Norwich, Connecticut; that this property was owned and controlled by the defendant, and that the building contained lead-based paint. The plaintiffs also allege that, due to renovation work on numerous occasions, which included scraping, sanding and removing paint, the minor plaintiff was caused to ingest lead paint dust and particles, and that paint chips were also observed in various locations on the premises. The complaint further alleges that shortly after the plaintiffs vacated the premises, the minor plaintiff was diagnosed with an excessively high blood lead content which was due to the lead paint in the defendant's building, and as a result, sustained injuries, losses and damages.
The plaintiffs assert claims for common law negligence in count one, violations of General Statutes (Rev. 1991)[1] §§ 19-111c, 47a-7(a)(2) and 47a-8 in count two, strict liability for violation of the same statutory sections in count three, violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., in count four, and for recovery of the minor plaintiff's medical expenses in count five.
The defendant filed the present motion to strike counts two and three of the complaint and an accompanying memoranda of law. The plaintiffs have not filed a memorandum in CT Page 4255-BBBBB opposition to the motion.
"In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion . . . ."Merideth v. Police Commission, 182 Conn. 138, 140-41
(1980). "[A] trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). "[The court must construe] the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc.v. Fusco Corp., 231 Conn. 381, 384 (1994). "The sole inquiry is whether the . . . allegations, if proved, would state a [cause of action]." Doyle v. A P Realty, 36 Conn. Sup. 126,127, 414 (1980).
 II COUNT TWO
The second count of the complaint alleges that the defendant failed to remove or cover lead-based paint in violation of General Statutes §§ 19a-111c, 47a-7(a)(2) and47a-8, and that "the defendant knew or should have known that the exterior and interior of the building contained lead based paint." (Complaint, Count Two, ¶¶ 7 and 16-18). The defendant argues that count two is legally insufficient, because none of the statutes relied on by the plaintiff creates a private cause of action. Since the defendant attacks count two in its entirety, the motion to strike must be denied if any one of the statutes asserted by the plaintiff will support a cause of action. Donovan v. Davis, 85 Conn. 394, 397 (1912).
The defendant's assertion is simply incorrect. See Gorev. People's Savings Bank, 235 Conn. 360 (1995). Our Supreme Court has stated that "[w]e conclude that . . . the presence of lead paint in violation of § 47a-8 and 47a-54f constitutes negligence per se . . . ." (Emphasis added.) Id., 372 "[B]ecause these sections do not modify the common law elements of landlord premises liability, notice is relevant to the tenant's cause of action." Id.
The plaintiffs here alleged that defendant's building contained lead paint in violation of General Statutes § 47a-8
and that the defendant knew or should have known of its CT Page 4255-CCCCC presence. (Complaint, Count Two, ¶¶ 7 and 17). Therefore, reading the complaint in a light most favorable to the plaintiffs, the court must find that count two asserts a legally sufficient cause of action in negligence for violation of General Statutes § 47a-8. Donovan v. Davis, supra,85 Conn. 397.
 III COUNT THREE
In count three of the complaint, the plaintiffs, again relying on the defendant's alleged violations of General Statutes §§ 19a-111c, 47a-7(a)(2) and 47a-8, assert a claim for strict liability. The defendant argues that count three is legally insufficient to state a cause of action, because violations of these sections do not give rise to strict liability.
The Supreme Court also dealt with this issue in Gore, supra, wherein it stated that "[a]lthough the plaintiffs point to the language of §§ 47a-7 and 47a-8 and their legislative history as indicating a legislative intent to provide strict liability, we can discern no such legislative intent." Id., 383. Further, upon analyzing General Statutes § 19a-111c, I find no apparent legislative intent to impose strict liability for violation of that statute either. See Id., 380-84. Section 19a-111c, as do §§ 47a-7 and 47a-8, merely imposes certain requirements upon the landlord relating to lead-based paint clean-up. See General Statutes § 19a-111c. Nowhere in its language, however, does General Statutes § 19a-111c
purport to impose any liability, let alone strict liability, for failure to adhere to its requirements. Id.
Therefore, I find that there is no cause of action in strict liability for violation of General Statutes §§ 19a-111c,47a-7(a)(2) or 47a-8. It follows that the defendant's motion to strike count three of the complaint must be granted.
CONCLUSION
Based on the foregoing, the defendant's motion to strike count two of the complaint is denied; the defendant's motion to strike count three is granted. CT Page 4255-DDDDD