[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
This is an action by the plaintiff, Brian Delancy, seeking uninsured motorist benefits from the defendant, his insurance company, Patriot General Insurance Company. The plaintiff was injured in an accident with a vehicle driven by Brian Lamb on November 1, 1994, on Jefferson Avenue, a public highway in the City of New London, Connecticut. At the time of the accident, Brian Lamb and the vehicle he operating was uninsured.
The defendant filed an answer with special defenses on CT Page 4503 March 27, 1995. The plaintiff filed a motion to strike the second and third special defenses with an accompanying memorandum of law on April 11, 1995. The defendant has failed to file any opposition to the motion as of this date.
"The only remedy by which to test the sufficiency of a cause of action or defense, whether stated in one pleading, count or defense, or in a paragraph or paragraphs thereof, is a [motion to strike]." Donovan v. Davis, 85 Conn. 394, 397-98,82 A. 1025 (1912). "It is of no moment that the plaintiff may not be able to prove its allegations at trial or that the defendants might prove facts which operate to bar the plaintiff's claim. The sole inquiry is whether the . . . allegations, if proved, would state a [cause of action]."Doyle v. A P Realty, 36 Conn. Sup. 126, 127, 414 A.2d 204
(1980).
The plaintiff argues that the second and third special defenses are improper, because they allege collateral sources. The second special defense states that "[t]he defendant is entitled to a set off for any basic reparations benefits paid to the plaintiff." The third special defense states that "[t]he defendant is entitled to a reduction of any award to the plaintiff for any sums paid by those legally responsible, and paid under workers' compensation or disability benefits law."
"Under the collateral source rule, a defendant is not entitled to be relieved from paying any part of the compensation for injuries . . . where payment for [such injuries or damages] comes from a source wholly independent of the [defendant]." Rametta v. Stella, 214 Conn. 484, 489, ___ A.2d ___ (1990). In the present case, the defendant's special defenses clearly do not contain an allegation that the defendant made payments to the plaintiff.
In the instant case, the defendant has, by way of special defenses, sought a reduction in any recovery by the plaintiff as a setoff, presumably pursuant to Connecticut General Statutes § 52-225a. Section 52-225a provides:
 (a) In any civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from (1) personal injury or wrongful death occurring on or after October 1, 1987, or (2) personal injury or wrongful death, CT Page 4504 arising out of the rendition of professional services by a health care provider, occurring on or after October 1, 1985, and prior to October 1, 1986, if the action was filed on or after October 1, 1987, and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages, as defined in subdivision (1) of subsection (a) of section 52-572h, by an equal amount equal to the total amounts determined to have been paid under subsection (b) of this section less the total of amounts to have been paid under subsection (c) of this section, except that there shall be no reduction for (1) a collateral source for which a right of subrogation exists and (2) that amount of collateral sources equal to the reduction in the claimant's economic damages attributable to his percentage of negligence pursuant to Section 52-572h.
 (b) Upon a finding of liability and an awarding of damages by the trier of fact and before the court
enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgments.
 (c) The court shall receive from the claimant and any other appropriate persons concerning any amount which has been paid, contributed, or forfeited, as of the date the court enters judgment, by, or on behalf of, the claimant or members of his immediate family to secure his right to any collateral source benefit which he has received as a result of such injury or death. (Emphasis provided.)
The right to seek a setoff for collateral source payments is a right created entirely from Section 52-225a.
By its express terms, Section 52-225a provides that the"Court shall reduce (an award of damage) wherein liability is admitted or is determined by the trier of fact." Accordingly, it is the function of the court to hear evidence on collateral source payments and make any appropriate reduction in the CT Page 4505 award, after judgment.
In light of the fact that Section 52-225a expressly authorized the court to make any appropriate reductions for collateral sources, pleading collateral source payments as a special defense is "conceptually inappropriate." Zagaja, et alv. Guerrea, 16 CLT 15 (April 9, 1990, Maloney, J.).
Collateral source payments are entirely unrelated to the plaintiff's cause of action.
Our courts have recognized that Section 52-225a is designed to avoid having the jury hear of collateral sources for the reason that such evidence would only prejudice the plaintiff. Wiggins v. Johnson, 16 CTLR 9 (April 3, 1990, Corrigan, J.). Because it is the court's function to make any appropriate reductions for collateral source payments under Section 52-225a, this function cannot be properly performed if the jury may have already made an undisclosed partial reduction on its own after hearing evidence of such payments.
CONCLUSION
Based on the foregoing, the plaintiff's motion to strike the second and third special defenses is granted.
Austin, J.