## RABE et al. v. DANAHER.

### No. 3411.

District Court, D. Connecticut.

May 4, 1931.

Allan K. Smith, of Hartford, Conn., for plaintiffs.

Francis R. Danaher, of Meriden, Conn., for defendant.

THOMAS, District Judge.

In two counts the complaint alleges that on October 23 and 24, 1929, the plaintiffs agreed to sell and the defendant agreed to buy certain shares of stock of the value of over $100,000; that the plaintiffs delivered made repeated promises to pay these drafts, attached, in accordance with the terms of the agreements; that although the defendant made repeated promisesto pay these drafts, he has failed to do so; that the defendant gave to the plaintiffs on November 1, 1929, a check for a part of the purchase price,

which check was later protested for nonpayment; that thereafter, having notified the defendant of their intention so to do in the event of nonpayment before December 2, 1929, the plaintiffs sold said stock for the account of the defendant at a loss of over $40,000.

Upon the defendant's motion for a more specific statement, the complaint was amplified by setting forth: (1) That the defendant gave nothing to bind the agreement or in part payment thereof; (2) the bank having notified the defendant of the arrival of the stock certificates and drafts, and the defendant having failed to pay the drafts, the certificates and drafts, after remaining at the bank for about three weeks, were returned to the plaintiffs.

Thereafter, upon motion of the defendant for oyer in accordance with section 190 of the rules under the Connecticut Practice Act (Practice Book Conn. 1922, p. 287), this court ordered that the plaintiffs file copies of the agreements alleged, if in writing. No such copies were filed, and under the rule referred to the agreements are to be deemed to rest in parol and no evidence of their having been in writing may be received.

In response to a further motion for oyer, the plaintiffs filed a copy of the notice to the defendant of their intention to sell the stock for his account if payment was not made before December 2, 1929. This notice stated, in part, that the plaintiffs would exercise their right of lien on the stock and resell it for the defendant's account.

To the complaint, as thus amplified, the defendant has demurred on the ground that the plaintiffs have failed to show compliance with the Statute of Frauds applicable to the transactions alleged in the complaint.

Section 6131 of the General Statutes of Connecticut, Revision of 1918, now section 5983 of the Revision of 1930, provides:

*"Sale of Personal Property.* A contract to sell or a sale of any goods or choses in action of the value of one hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf. The provisions of this section apply to every such contract or sale, notwithstanding that the goods may be intended to be delivered at some future time, or may not at the time of such contract or sale be actually made, procured or provided, or fit or ready for delivery, or some act may be requisite for the making or completing thereof, or rendering the same fit for delivery; but, if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply. There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."

It was held in Goodwin v. Mariners' Savings Bank, 99 Conn. 169, 121 A. 172, that a contract for the sale of shares of stock is within the provisions of this statute.

In view of the plaintiffs' failure to file any written memorandum of either or both of the alleged agreements, in response to the motion and order for oyer, the agreements must be deemed to be oral. Rules under the Practice Act, § 190 (Practice Book Conn. 1922, p. 287).

Nothing was given by the defendant in earnest or in part payment. This appears independently of the specific allegation to that effect in the plaintiffs' more specific statement. The protested check cannot be considered as part payment, since the plaintiffs did not so receive it. Had the plaintiffs intended to consider the check itself a part payment, the defendant would be credited with its amount; the plaintiffs retaining their remedy for enforcing its payment. This court had occasion to consider this question in Central Trust Co. v. Cassidy, 300 F. 386, where it was held that the question as to whether or not a payment has been made is largely a question of the intention of the parties. See, also, Ketchum v. Duncan, 96 U. S. 659, 24 L. Ed. 868. It is clear from the allegations of the plaintiffs' pleading that they did not intend the acceptance of the check to operate as an acceptance of part payment.

There remains to be considered the question as to whether the plaintiffs' pleadings show that the defendant accepted part of the stock and actually received the same within the meaning of the statute quoted supra. Devine v. Warner, 75 Conn. 375, 53 A. 782, 96 Am. St. Rep. 211.

It was held in that case, as appears on page 379 of 75 Conn., 53 A. 782, that in order to establish a cause of action under this provision of the statute the plaintiffs would have to show facts permitting an affirmative

answer to each of the three following questions, to wit:

(1) Was there an agreement of sale and purchase?

(2) Did the seller, pursuant to the agreement, part with and the buyer receive the possession and control of the stock?

(3) Did the buyer, either before or after the receipt of the stock, accept it as that purchased?

The statute provides that there may be an acceptance either before or after receipt of goods by an expression by the buyer of his assent to becoming the owner of the specific goods. It is possible that the plaintiffs could prove under their complaint that there was such acceptance in this case.

There is, however, nothing in the complaint which permits an affirmative answer to the second question. This is so, despite the principle that there may be an actual receipt of goods without a manual delivery or change of custody, as in cases where the vendee designates the vendor as custodian by bailment. The delivery of the stock certificates to the bank, sight drafts attached, was a delivery to the plaintiffs' own agent. Klein v. Munson, 111 Conn. 709, 151 A. 177. The plaintiffs retained actual possession and control of the stock certificates and a lien for the price, and the defendant at no time had the right of possession. The following quotation from Devine v. Warner, supra, at page 380 of 75 Conn., 53 A. 782, 784, conclusively demonstrates that, upon the facts alleged in the amplified complaint, there must be a negative answer to the second question: "The jury should have been told that, as a receipt implies a delivery, there must have been a delivery by the vendor and receipt by the vendee of the tobacco, with an intention on the part of the parties to vest in the vendee the possession and right of possession, and *discharged of all lien for the price,* and an actual acceptance by the vendee of the tobacco, at least as the goods purchased, if not as its owner by virtue of the purchase. Morton v. Tibbett, 15 Q. B. 428; Hinchman v. Lincoln, 124 U. S. 38, 8 S. Ct. 369, 31 L. Ed. 337; Safford v. McDonough, 120 Mass. 290; Marsh v. Rouse, 44 N. Y. 643; Bailey v. Ogden, 3 Johns. [N. Y.] 399, 3 Am. Dec. 509; Messer v. Woodman, 22 N. H. 172, 182, 53 Am. Dec. 241. They should have been told that the statute requires something more by way of proof of a receipt and acceptance than mere words, indicative merely of the parties' assent to the agreement of sale, and that it was not even enough to satisfy the condition of receipt that the title to the tobacco had become vested in the purchaser. Mechem, Sales, §§ 377, 383; Crug v. Gorham, 74 Conn. 541, 51 A. 519; Meade v. Smith, 16 Conn. 346."

Hinchman v. Lincoln, 124 U. S. 38, 8 S. Ct. 369, 31 L. Ed. 337, cited in the above quotation, fully supports the principle for which it is cited.

No facts could be proved which would establish a cause of action under the amplified complaint, and so it necessarily follows that the demurrer must be sustained. Submit order accordingly.