### RABE et al. v. DANAHER.
#### No. 271.

Circuit Court of Appeals, Second Circuit.
March 14, 1932.

Allan K. Smith and Julius G. Day, Jr., both of Hartford, Conn. (Day, Berry & Reynolds, of Hartford, Conn., and John H. Schmid and Burke & Burke, all of New York City, of counsel), for appellants.

Cornelius J. Danaher and Francis R. Danaher, both of Meriden, Conn., for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This is a suit upon two contracts for the purchase of stock, made, respectively, on October 23 and 24, 1929, and declared upon

in separate counts. The two counts of the amended complaint being similar in all respects now material, it will suffice to refer to the first only. This alleges that on October 23, 1929, the defendant agreed with the plaintiffs to purchase 100 shares of a specified stock and to pay therefor $100,700; the defendant gave nothing to bind the agreement or in part payment thereof; the plaintiffs delivered the stock certificates at a certain bank, with sight drafts attached, in accordance with the terms of the agreement, and the bank duly notified the defendant of the arrival of the stock certificates and drafts, but the defendant notwithstanding repeated promises to pay said drafts neglected to do so, and after about three weeks the stock certificates and drafts were returned to the plaintiffs; on November 1, 1929, the defendant gave to the plaintiffs a check for $50,000 on account of the purchase price of said stock, which check was later protested for nonpayment; thereafter, and in accordance with their notification to the defendant, the plaintiffs sold said stock for the defendant's account and sustained a loss of more than $40,000.

To the complaint the defendant filed a motion for oyer under section 190 of the Rules of the Connecticut Practice Act of 1922 (Practice Book Conn. p. 287), and an order was entered that "if such agreements ⁗ * * entered into on October 23rd and 24th, 1929, be in writing, copies of the same be filed as exhibits. * * * " No such exhibits were filed. The defendant then filed a demurrer on the ground that the contracts were unenforceable under the statute of frauds. Gen. St. Conn. 1918 § 6131. The District Court so held.

■ This appeal presents a single issue of narrow compass. Both parties concede that a contract for the sale of shares of stock is within the Connecticut statute of frauds. De Nunzio v. De Nunzio, 90 Conn. 342, 97 A. 323; Goodwin v. Mariners' Savings Bank, 99 Conn. 169, 121 A. 172. Likewise, it must be conceded that an oral contract may be taken out of the operation of the statute by a subsequent memorandum in writing signed by the party to be charged or by his agent. Gen. St. Conn. (1918 Rev.) § 6131; De Nunzio v. De Nunzio, supra. The question in dispute is whether the order of oyer precludes the plaintiffs from giving evidence of such a memorandum. If it does, then the amplified complaint discloses that the contracts sued upon are unenforceable, and this defect may be raised by demurrer according

to the usual rule now obtaining. See Randall v. Howard, 2 Black, 585, 589, 17 L. Ed. 269; Horton v. Stegmyer, 175 F. 756, 760, 20 Ann. Cas. 1134 (C. C. A. 8); Southwick v. Spevak, 252 Mass. 354, 147 N. E. 885; Jacobson v. Hendricks, 83 Conn. 120, 75 A. 85; Browne, Statute of Frauds, § 509. We shall assume, as have apparently the parties, that an ancient Connecticut case to the contrary is no longer controlling. Seymour v. Mitchel, 2 Root 145.

Section 190 of the Rules of the Connecticut Practice Act of 1922 (Practice Book Conn. p. 287) reads as follows: "Whenever an express agreement is alleged as a ground of action or defense, the adverse party shall be entitled to an order, to be entered by the clerk on motion as of course, that if such agreement be in writing a copy be filed as an exhibit, within ten days from such entry; and if no such copy be so filed, such agreement will be held to rest in parol, and no evidence that it was in writing will be received."

■ The order entered pursuant to this rule has already been quoted. Under the rule and the order it is apparent that the plaintiffs' failure to file copies of "the agreements entered into on October 23rd and 24th" requires that the "express agreement" sued upon must be held to "rest in parol," and that "no evidence that it was in writing will be received." But we see nothing in the rule or order to prevent proof of a subsequent written acknowledgment by the defendant of his prior oral contract. As the court said in Handy v. Barclay, 98 Conn. 290, at page 295, 119 A. 227, 228, "The memorandum of the contract need not be the contract itself. * * * " Indeed, bearing in mind the history of profert and oyer (1 Chitty, Pleading [16th Am. Ed.] page *446 et seq.), it might well be supposed that section 190 of the rules would apply only if the parties at the time of contracting entered into an express agreement in writing, signed by both and intended to be a complete memorial of their obligations. We need not, however, so decide, but may assume that under the rule a court may order the filing of a subsequent written memorandum evidencing the terms of the prior oral contract. That was apparently done in Jacobson v. Hendricks, 83 Conn. 120, 75 A. 85, 86. There an order was made that the plaintiffs "file a copy of all the writings relied upon by them to establish the agreement set up in the complaint." The plaintiffs thereupon filed certain writings

upon which they relied to establish a memorandum such as would satisfy the statute of frauds. These were insufficient, and the defendants' demurrer to the complaint was sustained, the court saying that "the demurrants are entitled to the assumption that there are no other writings which would help to establish the existence of such a memorandum." See, also, Gendelman v. Mongillo, 96 Conn. 541, 114 A. 914, and Handy v. Barclay, 98 Conn. 290, 119 A. 227, in each of which, apparently without any order, a memorandum was filed which was insufficient to take the contract out of the statute. But in the case at bar the order did not direct the plaintiffs to file "all writings relied upon to establish" the agreements sued on, but only copies of the agreements "if such agreements entered into on October 23rd and 24th, 1929, be in writing." Those agreements were not entered into in writing, and the order did not require the filing of a subsequent memorandum made by the defendant, if such exists. The complaint is therefore silent as to the existence of a memorandum which may satisfy the statute of frauds; hence it does not disclose on its face that the contract sued upon is necessarily unenforceable. Accordingly, we think it was error to sustain the demurrer.

 Federal jurisdiction rests upon diversity of citizenship. This is defectively alleged, for it is not enough to allege that the plaintiffs are "of" a city in the state of New York and the defendant "of" a town in Connecticut. Horne v. Geo. H. Hammond Co., 155 U. S. 393, 15 S. Ct. 167, 39 L. Ed. 197; Wood v. Wagnon, 2 Cranch, 9, 2 L. Ed. 191. But it was not disputed upon the argument that in fact diversity exists. When the case is remanded an amendment should be allowed to correct the formal defect in the jurisdictional allegations. See Norton v. Larney, 266 U. S. 511, 516, 45 S. Ct. 145, 69 L. Ed. 413.

Judgment reversed, and cause remanded.