CYNTHIA F. MURRAY ET AL. *v.* JOSEPH E. SCHLOSSER ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 0364639
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed April 17, 1990

*Ebenstein & Ebenstein,* for the plaintiffs.
*Gersten & Gersten,* for the defendants.

CORRIGAN, J. This action is brought in twenty-four counts. The first eight are grounded in defamation, one each by the two plaintiffs against each of the four defendants. The next eight are grounded in invasion of privacy and the last eight are grounded in intentional infliction of emotional distress. The plaintiffs allege that

the defendant Joseph E. Schlosser, also known as Sebastian, and the defendant Diane Novak were hired as disc jockeys by the defendant Ted Sellers, program director on radio station WCCC FM, which broadcasts in the greater Hartford area and is owned by the defendant Greater Hartford Communications Corporation (GHCC). Sebastian and Novak, as part of their weekly routine, broadcasted every Thursday a program called "Berate the Brides" during which they would solicit votes by telephone calls from their listeners for the "dog of the week" selected from photographs of recent brides on the "Weddings" page published weekly in the Hartford Courant. On July 7, 1988, Sebastian stated, in reference to the photograph of the named plaintiff, that she was "too ugly to even rate," in light of her physical attractiveness and sexual desirability, and that she had won the "dog of the week" prize consisting of a case of Ken-L-Ration and a dog collar. Novak, who participated in the same segment, stated that she did not want even her worst enemy to be with the named plaintiff. The plaintiffs allege further that the defendants Sellers and GHCC were aware of the routine and willingly encouraged and participated in its broadcast.

The defendants Sebastian and Novak moved to strike the counts grounded in defamation and invasion of privacy with false light, although their numerical listing includes the counts grounded in intentional infliction of emotional distress rather than those grounded in invasion of privacy. Those defendants allege that the language claimed to have been used does not give rise to liability either for defamation or for invasion of privacy with false light, and, at most, is an expression of opinion privileged under the first amendment to the federal constitution. The defendants Sellers and GHCC have moved to strike all twelve counts against them

in that the language used was an expression of opinion protected by the first amendment to the United States constitution.

A motion to strike challenges the legal sufficiency of a pleading. *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 108, 491 A.2d 368 (1985). A count of the complaint must be stricken for failure to state a claim upon which relief can be granted. *Morris* v. *Hartford Courant Co.,* 200 Conn. 676, 684, 513 A.2d 66 (1986). The complaint must be construed in the manner most favorable to the plaintiffs. *McAdam* v. *Sheldon,* 153 Conn. 278, 280, 216 A.2d 193 (1965). If the facts provable under its allegations would support a cause of action, the motion to strike must fail. *Cyr* v. *Brookfield,* 153 Conn. 261, 263, 216 A.2d 198 (1965).

A defamation action is based on the unprivileged communication of a false statement that tends either to harm the reputation of another by lowering him in the estimation of the community or to deter others from dealing or associating with him. *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 316, 477 A.2d 1005 (1984). It differs from the invasion of privacy action in the interest it protects. *Goodrich* v. *Waterbury Republican-American, Inc.,* 188 Conn. 107, 128 n.19, 448 A.2d 1317 (1982). A person has the right to have his interests protected from being placed before the public in an objectionable false light, and interference with or invasion of their interests when not privileged, is actionable. Id., 131.

The plaintiffs in the present case are not public officials who have to prove actual malice; *New York Times Co.* v. *Sullivan,* 376 U.S. 254, 283, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964); they are not public figures under *Curtis Publishing Co.* v. *Butts,* 388 U.S. 130, 162, 87 S. Ct. 1975, 18 L. Ed. 2d 1094 (1967); and the subject matter is not one of public or general interest as enun-

ciated in *Rosenbloom* v. *Metromedia, Inc.,* 403 U.S. 29, 44, 91 S. Ct. 1811, 29 L. Ed. 2d 296 (1971). The plaintiffs here have relinquished no part of their interest in the protection of their good names, and, consequently, have a more compelling call on the courts for redress of injury inflicted by defamatory falsehood. *Gertz* v. *Robert Welch, Inc.,* 418 U.S. 323, 345, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1973).

The defendants rely on their constitutional rights under the first amendment to the federal constitution to express opinions, and they claim that what was said was opinion and not fact. "Although it is clear that expressions of opinion are constitutionally protected, the determination of whether a specific statement is one of opinion or fact is difficult. As an initial matter, the inquiry into whether a statement should be viewed as one of fact or one of opinion must be made from the perspective of an 'ordinary reader' of the statement." *Mr. Chow of New York* v. *Ste. Jour Azur S.A.,* 759 F.2d 219, 224 (2d Cir. 1985). Some of the factors used to make this determination are: (1) its truth or falsity; (2) the language used; and (3) its context.

A reasonable inference from common knowledge, that a woman generally reaches the zenith of her attractiveness and desirability at or about the time of her marriage, and that wedding photographs capture her beauty, weighs heavily against the truth of the statements made. In view of the fact that the defendants were purportedly encouraging the listening audience to vote, the words used by Sebastian and Novak were not votes of an opinion, but statements of conclusions. This event was neither the vigorous exercise of the right to persuade others to join or to assist a labor organization; *Letter Carriers* v. *Austin,* 418 U.S. 264, 277, 94 S. Ct. 2770, 41 L. Ed. 2d 745 (1974); nor the use of wit, hyperbole or figurative language by critics to make more interesting to their audience their

reviews of restaurants, writers, books, movies or candidates. *Mr. Chow of New York* v. *Ste. Jour Azur S.A.,* supra, 229. The sole alleged context of the defendants' program was to ridicule someone for the purported amusement of its audience.

The court must therefore find, in considering in a manner most favorably to the plaintiffs the facts well pleaded and those necessarily implied thereby, that the counts in defamation support a cause of action. *Norwich* v. *Silverberg,* 200 Conn. 367, 370, 511 A.2d 336 (1986).

If the defendants intentionally and unreasonably subjected the plaintiffs to emotional distress that they should have recognized as likely to result in illness or other bodily harm, the injuries alleged in the complaint, if they were proximately caused by the tort of the defendants, are proper elements of damage even though the defendants had no intention of inflicting those injuries. If they did not intend to cause the emotional distress, the alleged injuries and bodily harm are proper elements of damage only if the defendants should have realized that their conduct involved an unreasonable risk of causing the distress and, from the facts known to them, should have realized that the distress, if it were caused, might result in illness or bodily harm. *Urban* v. *Hartford Gas Co.,* 139 Conn. 301, 307, 93 A. 292 (1952). It is difficult to believe that the defendants, whose program is portrayed in the complaint, did not intend to subject the unsuspecting plaintiffs to emotional distress that would have caused the injuries alleged. If it was not so intended, the defendants would have had to have been coldly insensitive not to realize their conduct involved such an unreasonable risk.

For the above reasons, the motions to strike are denied.