[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#152)
On November 20, 1990, the plaintiff, Roger Gillette, filed suit against fifteen defendants alleging, inter alia, defamation, slander and conspiracy. On January 8, 1992 the plaintiff filed a seven count revised complaint dated January 6, 1992. The fifth count of the revised complaint is the subject of the motion to strike filed by the defendants, Joanne Trembly, New Milford Mental Health Clinic and New Milford Hospital. In the fifth count the plaintiff alleges that Joanne Trembly, acting on behalf of the New Milford Hospital Mental Health Clinic, advised June Allen that "if she alleged that the Plaintiff had molested her said son she would be able to remove the Plaintiff from their joint premises `overnight.'" (Plaintiff's Revised Complaint, Count 5, 5.) He alleges further that Trembly's sole purpose in making this statement was to remove him from the premises and that she spoke without regard for the truth or falsity of the suggested allegation. The plaintiff alleges that the suggested allegation is false and that the defendants acted intentionally CT Page 8805 and knowingly caused him severe emotional distress. The plaintiff claims that these actions damaged him by causing him to suffer emotional trauma, some physical symptoms and other things.
On February 21, 1992 these three defendants, Trembly, New Milford Mental Health Clinic and New Milford Hospital, filed a motion to strike count five of the plaintiff's revised complaint, and a supporting memorandum of law on the grounds that the plaintiff fails to state legally sufficient claims for defamation and intentional infliction of emotional distress. On March 18, 1992, the plaintiff filed a memorandum in opposition to defendants' motion to strike in which he argues that count five of the revised complaint states a cause of action for interference with contractual relationship. On May 26, 1992, the court, Dranginis, J., denied the defendants' motion to strike, citing Blancato v. Feldspar,203 Conn. 34, 36 n. 3, 522 A.2d 1235 (1987) (under Practice Book 154, a motion to strike must distinctly specify reasons for each claimed insufficiency).
On June 5, 1992 the defendants filed a second motion to strike count five of the revised complaint, accompanied by the same supporting memorandum. The defendants' second motion to strike is more specific. They state that the plaintiff has failed to allege necessary elements of defamation and intentional infliction of emotional distress, and specify the missing elements. On June 17, 1992 the plaintiff filed an objection to the defendants' motion to strike and a memorandum in opposition, restating his argument that count five of the complaint states a claim for interference with contractual relationship.
The motion to strike tests the legal sufficiency of the allegations of a pleading, including individual counts of a complaint. Practice Book 152. "In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action. . . ." County Federal Savings Loan Assn. v. Eastern Associates, 3 Conn. App. 582, 585, 491 A.2d 401 (1985). "In ruling on a motion to strike, the court must construe the facts alleged in a pleading in the manner most favorable to the pleader." Rowe v. Godou,209 Conn. 273, 278, 550 A.2d 1073 (1988).
"A defamation action is based on the unprivileged communication of a false statement that tends either to harm the reputation of another by lowering him in the estimation of the community or to deter others from dealing or associating with him." Murray v. Schlosser, 41 Conn. Sup. 362,364, 574 A.2d 1339 (1990, Corrigan, J.) (Citing Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316, 477 A.2d 1005 (1984). In count five of his revised complaint the plaintiff does not allege that Trembley's CT Page 8806 statement harmed his reputation in any way. Furthermore, the plaintiff alleges that Trembly told Allen "that if she alleged that the Plaintiff had molested her said son she would be able to remove the Plaintiff from their joint premises `overnight.'" (Plaintiff's Revised Complaint, Count five, 5.) The plaintiff does not allege that Trembly stated that plaintiff had molested the child. Therefore, the plaintiff has not alleged facts sufficient to state a cause of action for defamation. To state a claim for intentional infliction of emotional distress the plaintiff must allege facts sufficient to establish four elements:
 (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.
Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986), quoting Murray v. Bridgeport Hospital, 40 Conn. Sup. 56, 62, 480 A.2d 610 (1984). In the fifth count of his revised complaint the plaintiff does not allege that the defendants' conduct was extreme and outrageous. In defining outrageous conduct, the Connecticut Supreme Court stated: "`[T]he rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.'" (Emphasis added by court.) Petyan v. Ellis, supra, 254 n. 5, quoting Prosser Keeton, Torts (5th ed.) 12, p. 60. Trembly's alleged statement, advising Allen of the probable result of an allegation of child molestation, does not meet this requirement. Therefore, an allegation that defendants' conduct was extreme and outrageous is not "fairly probable" under the facts alleged in the fifth count of the revised complaint. See Zeller v. Mark, 14 Conn. App. 651, 654, 542 A.2d 752 (1988). The fifth count of the plaintiff's revised complaint does not state a claim for intentional infliction of emotional distress.
In his memorandum in opposition to defendants' motion to strike the plaintiff asserts that count five of his revised complaint states a claim for interference with contractual relationship. In Connecticut there are two actions for tortious interference with contract, negligent interference with contractual relations and intentional interference with business relations. Blake v. Levy, 191 Conn. 257, 259, 464 A.2d 52
(1983). Negligent interference with contractual relations requires privity of contract between the plaintiff and defendant. Since the plaintiff does not allege the existence of a contract with the defendants and alleges that Trembly acted intentionally, the plaintiff does not CT Page 8807 state a claim for negligent interference with contractual relations.
"The elements of tortious interference are the existence of a contractual or beneficial relationship, the defendant's knowledge of that relationship, the intent to interfere with it, and the consequent actual loss suffered by the plaintiff." Hart, Nininger Campbell Associates, Inc. v. Rogers, 16 Conn. App. 619, 629, 548 A.2d 758 (1982). The conduct of the defendant must be tortious. Blake v. Levy, supra, 261. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation. . .or that the defendant acted maliciously." (Citation omitted.) Id. In the fifth count of his revised complaint the plaintiff does not allege an economic, contractual or beneficial relationship with Allen. This failure to allege a contractual relationship with a third party makes the allegations in count five legally insufficient to state a claim for tortious interference. See Norden Systems v. General Dynamics Corp.,2 Conn. L. Rptr. 766, 676 (November 8, 1990, Cioffi, J.). In addition, the plaintiff has not alleged in count five any "intentional tortious conduct which is fraudulent in nature." Selby v. Pelletier, 1 Conn. App. 320, 325,472 A.2d 1285 (1984). Therefore, count five of the plaintiff's revised complaint does not state a claim for interference with contractual relations.
The defendants' motion to strike count five of the plaintiff's revised complaint is granted because the plaintiff has failed to allege facts sufficient to establish necessary elements of defamation, intentional infliction of emotional distress or interference with contractual relations.
PICKETT, J.