[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants, Police Officer Peter Tragni, and the Danbury Police Department, filed a motion to strike on June 15, 1992 which is dated June 11, 1992. The motion was initially heard by the court (West, J.) on August 24, 1992. After review of the file, the court recused itself and the matter was rescheduled and assigned for a hearing on August 31, 1992. At that time, the plaintiff, Peter Scarano, appeared pro se, and the movants were represented by Attorney Michael J. Lefebvre. The court heard all arguments on the motion which challenges as being legally insufficient the second count of the complaint dated March 25, 1992 and filed April 27, 1992.
On July 1, 1992, the plaintiff filed pro se his answer to the motion to strike. There was no supporting memorandum of law in support of said objection filed by the plaintiff.
The plaintiff commenced this action on April 29, 1992. The plaintiff in his second count of the complaint alleges a cause of action against Police Officer Peter Tragni and the Danbury Police Department, the defendants, for the purpose of this memorandum. The plaintiff in paragraph 15 of the second count alleges that "[t]he Danbury Police Department created and allowed a procedure to exist whereby a ticket can be issued by a police officer for events and occurrences not witnessed by that police officer, but rather issued solely upon that police officer's conjecture, despite the existence of uncontradicted eye witness testimony to the contrary." The plaintiff further CT Page 8923 alleges in paragraph 16 of the second count that he suffered severe emotional distress as a result of the wrongful procedure created and allowed by the defendants, the Danbury Police Department and Police Officer Peter Tragni.
A motion to strike challenges the legal sufficiency of a pleading, whether it is a complaint, a counterclaim or a cross-complaint, in that it fails to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988); Practice Book 152(1). In deciding a motion to strike, the trial court must admit the truth of all facts well pleaded, Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985) and "the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, supra, 170. A count of the complaint must be stricken for failure to state a claim upon which relief may be granted. Morris v. Hartford Courant Co., 200 Conn. 676, 684 (1986). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138, 140 (1980); and should construe the challenged allegations in the light most favorable to the nonmovant. Cavallo v. Derby Savings Bank, 188 Conn. 281, 283
(1982). If facts provable under the allegations would support a cause of action, the motion must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
The second count of this complaint tries to allege that the Danbury Police Department and Officer Tragni are liable for damages claimed to have been sustained as a result of the alleged wrongful conduct. This court, after carefully reading the second count of the complaint and after giving all of the benefit of doubt to the plaintiff, comes to the conclusion that it does not set forth a cause of action and therefore is legally insufficient. In a cause of action based upon the theory of emotional distress, it is necessary to allege that the defendant intended to inflict this injury and that the defendant should have realized that his conduct involved an unreasonable risk of causing the distress and, from the facts known to him, should have realized that the distress, if it were caused, might result in illness or bodily harm. Murray v. Schlosser, 41 Conn. Sup. 362, 366 (1990), citing Urban v. Hartford Gas Co., 139 Conn. 301, 307 (1952). As framed, the allegations fail to state a legal claim for emotional distress. Accordingly, the motion to strike the second count is granted. The court will interpret the plaintiff's answer to the motion CT Page 8924 to strike as an objection and that objection is overruled.
RODRIGUEZ, J.