[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION PLEADING #106
The defendant moves to strike the entire complaint.
The facts the court considered for this motion are as follows:
The plaintiff Margolis alleges a breach of contract, promissory estoppel, negligent misrepresentation, and defamation, respectively. Margolis' allegations arise out of Sweet Life's termination of an employment contract between Margolis and Sweet Life. Margolis alleges that Sweet Life made a verbal offer of employment to him, which he accepted, and Sweet Life then sent a written confirmation of the agreement. Margolis further alleges that he reasonably understood he was being hired for at least five years based on certain oral representations made by Sweet Life's vice president and agent. Margolis alleges that he relied on this contract, quit his job in New York, and moved from New York to Connecticut. Margolis alleges that Sweet Life, prior to his start date, revoked the contract.
Sweet Life moves to strike the complaint, pursuant to Practice Book 152, for the following reasons: 1) the statute of frauds bars this action; 2) there is no contract between Margolis and Sweet Life; 3) Margolis was offered employment which was terminable CT Page 9194 at will; 4) there is no clear unambiguous promise of long term employment; 5) Margolis did not act in reliance of the promise; 6) Margolis sustained no injury; 7) negligent misrepresentation has no factual basis; 8) defamation must be dismissed.
A motion to strike is used to test the legal sufficiency of the allegations of any complaint "to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). The motion to strike admits all facts well pleaded. Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). The facts are construed in a light most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80
82, 438 A.2d 6 (1980). The motion does not admit facts outside of the attacked pleading. Kilbride v. Dushkin Publishing Group, Inc.,186 Conn. 718, 719, 443 A.2d 922 (1982). "Where facts are alleged which are not within the complaint, they are extraneous and of no import for the purposes of a motion to strike." Hannafin v. Ethics Commission, 39 Conn. Sup. 99, 101-102 (1983). In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion. Meredith v. Police Commissioner,182 Conn. 138, 140, 438 A.2d 27 (1980). If the motion attacks the entire pleading, it will fail if any part of the pleading is viable. Doyle v. A P Realty Corp., 36 Conn. Sup. 126,414 A.2d 204 (1980).
At the outset, Margolis argues that the defendant's motion to strike was not timely filed pursuant to Practice Book 114 because the motion was filed forty days after Margolis filed his revised complaint. Practice Book 114 states in pertinent part:
 [P]leadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day, and any subsequent pleadings, motions and requests shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the court thereon. . . .
The enforcement of the time limitation, contained in 114, is by motion for default or nonsuit as prescribed by Practice Book 351-371. See generally Hartford Federal Savings and Loan Association v. Tucker, 181 Conn. 607, 436 A.2d 1259 (1980). Although Margolis claims that Sweet Life's motion to strike does not conform to the standards governing a motion to strike; he CT Page 9195 nevertheless responds to each of Sweet Life's grounds for striking his complaint.
Count One — Breach of Contract
Sweet Life argues that no contract existed between Margolis and Sweet Life. In his complaint, Margolis alleges that a contract existed between himself and Sweet Life. "In judging a motion to strike, . . . `it is of no moment that the party may not be able to prove [his] allegation at trial.'" Grubb Ellis Company v. Dinardo, 2 Conn. L. Rptr. 309 (August 30, 1990, Jones, J.), quoting Levine v. Bess Paul Siegel Hebrew Academy of Greater Hartford,39 Conn. Sup. 129, 132, 471 A.2d 679 (Super.Ct. 1983). Sweet Life is arguing the merits of the existence of the alleged contract. Whether Margolis can prove the existence of the alleged contract cannot be determined by a motion to strike.
Sweet Life also argues that this is an employment at will contract and Sweet Life had the right to terminate this contract at any time. Margolis does not allege that this is an employment at will contract; in fact, he alleges that the contract was for a term of at least five years. "In judging a motion to strike, . . . `it is of no moment that the party may not be able to prove [his] allegation at trial.'" Grubb Ellis Company v. Dinardo, supra. Sweet Life is again arguing the merits of the nature of the contract; which is not a ground for a motion to strike.
Sweet Life states in its motion to strike that the statute of frauds bars this action. Although the argument to that effect is contained in its argument to strike count two of the complaint, it appears to attack the sufficiency of the contract alleged in count one as well. Again, the statute of frauds argument will be addressed in the discussion of count one, but it will also be addressed in the discussion of the grounds to strike count two of the complaint, infra.
General Statutes 52-550 states:
 (a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: (1) Upon any agreement to charge any executor or administrator, upon a special promise to CT Page 9196 answer damages out of his own property; (2) against any person upon any special promise to answer for the debt, default, or miscarriage of another; (3) upon any agreement made upon consideration of marriage; (4) upon any agreement for the sale of real property or any interest in or concerning real property; (5) upon any agreement that is not to be performed within one year from the making thereof; or (6) upon any agreement for a loan in an amount which exceeds fifty thousand dollars.
"The primary purpose of the statute of frauds is `to provide reliable evidence of the existence and the terms of the contract.'" Jacobs v. Thomas, 26 Conn. App. 305, 310, 600 A.2d 1378 (1991), citing Heyman v. CBS, Inc., 178 Conn. 215, 221, 423 A.2d 887 (1979) Margolis has alleged that there is an oral contract memorialized by a letter addressed to Margolis and signed by the defendant's agent. An oral contract may be taken out of the operation of the statute of frauds by a subsequent written memorandum signed by the party to be charged or by his agent. See Rabe v. Danaher, 56 F.2d 758, 759
(2d Cir. 1932). Margolis alleges a written confirmation of the contract, signed by an agent of the defendant. The existence of a contract, sufficient to satisfy the statute of frauds, has been alleged. Therefore, the motion to strike is denied on this ground.
Count one also survives Sweet Life's motion to strike. Since Sweet Life has moved to strike Margolis' complaint in its entirety, the motion to strike is denied when one count is viable. See Doyle v. A P Realty Corp., 36 Conn. Sup. 126, 414 A.2d 204 (1980). Since Sweet Life addresses the grounds to strike each count individually in its supporting memorandum and Margolis has opposed each ground in the same manner. The court has addressed the legal sufficiency of each count.
Count Two — Promissory Estoppel
Sweet Life provides four reasons for striking count two of Margolis' complaint, which alleges a claim for promissory estoppel. As discussed above, Sweet Life argues that the statute of frauds would bar this claim because Margolis' promissory estoppel claim is based on a promise of employment for a long term, which Margolis understood to be at least five years. In his complaint, Margolis alleges that he told Sweet Life that he was looking for at least a five year term of employment. He alleges Sweet Life told him that CT Page 9197 it would not be a problem and he would be part of a new management team that would take Sweet Life into the future. Margolis alleges that he accepted Sweet Life's employment offer on the understanding that he would be employed by Sweet Life for a term of at least five years. Margolis has not alleged any writing memorializing Sweet Life's alleged promise of long term employment.
 [A]n oral contract that does not say, in express terms, that performance is to have a specific duration beyond one year is, as a matter of law, the functional equivalent of a contract of indefinite duration for the purposes of the statute of frauds. Like a contract of indefinite duration, such a contract is enforceable because it is outside the prescriptive force of the statute regardless of how long completion of performance will actually take.
C.R. Klewin, Inc. v. Flagship Properties, Inc., 220 Conn. 569,583-84, 600 A.2d 772 (1991). Since there was never expressed, in either written or oral form, the specific duration of Margolis' employment, the contract would be outside the statute of frauds because of the lack of an express term. The motion to strike the promissory estoppel claim is not to be granted on this ground.
The next three grounds to strike asserted by Sweet Life are based on the fact that Margolis must allege three requirements in order to state a claim for promissory estoppel: 1) a clear and unambiguous promise, 2) Margolis' reliance on that promise and 3) an injury suffered as a result of that reliance. As to a clear and unambiguous promise, Sweet Life argues that the remarks regarding long term employment do not rise to the level of a promise. In his memorandum in opposition, Margolis argues that, in his complaint, he has alleged a claim for promissory estoppel based upon the entire contract, not merely on the promise of long term employment. Margolis argues that he alleges that he relied on the promise of employment with Sweet Life, and that promise, with its material terms, was written down and sent to him. He also alleged, in his complaint, that a start date was set and confirmed. Margolis argues that this plus the promise of long term employment serve as the factual basis for his promissory estoppel claim.
 Section 90 of the Restatement Second states that under the doctrine of promissory estoppel CT Page 9198 `[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.'
D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 213, 520 A.2d 217 (1987). The court in D'Ulisse-Cupo goes on to state:
 A fundamental element of promissory estoppel, therefore, is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. Thus, a promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, he had no reason to expect any reliance at all.
Id. Margolis has alleged reliance on a clear promise of employment by Sweet Life, including an alleged writing that set out the material terms of the promise he relied upon. Sweet Life could have reasonably expected Margolis to rely on that promise. The motion to strike count two is denied on this ground. Sweet Life then argues that there was no reliance, by Margolis, on the alleged promise. In his complaint, Margolis alleges that he quit his job in New York and moved from New York to Connecticut in reliance on Sweet Life's promise of employment. Sweet Life offers an affidavit and exhibits to show that Margolis' claimed actions in reliance are untrue. "In judging a motion to strike, . . . `it is of no moment that the party may not be able to prove [his] allegation at trial.'" Grubb Ellis Company v. Dinardo, supra.
Sweet Life seeks to argue the merits of Margolis' allegations; whether Margolis can prove reliance should be determined at trial. Motion to strike for this ground is denied.
By attempting to introduce facts outside the pleadings, Sweet Life has filed a speaking motion with respect to this count, and the information offered will not be considered. The motion does not admit facts outside of the attacked pleading. Kilbride v. Dushkin Publishing Group, Inc., 186 Conn. 718, 719, 443 A.2d 922
(1982). Therefore, motion to strike count two on this ground is denied. CT Page 9199
Finally, Sweet Life asserts that Margolis has sustained no injury as a result of his reliance on the promise of employment. Sweet Life again refers to the affidavit and other proof it submitted with its motion to strike. Margolis alleges that he has sustained financial and personal injury as a result of his reliance on Sweet Life's promise of employment. See Grubb Ellis Company v. Dinardo, supra. Whether Margolis can prove that he sustained an injury as result of his reliance on Sweet Life's prom, determined at trial. The motion does not admit facts outside of the attacked pleading. Kilbride v. Dushkin Publishing Group, Inc.,186 Conn. 718, 719, 443 A.2d 922 (1982). The information Sweet Life relies on is outside of the pleadings and will not be considered in a motion to strike. The motion to strike count two on this ground is denied. None of the four grounds offered by Sweet Life is a sufficient ground upon which a motion to strike may be granted.
Count Three — Negligent Misrepresentation
Sweet Life argues that the motion to strike count three, alleging negligent misrepresentation, should be granted because it has no factual basis. Sweet Life claims that the statements, alleged by Margolis, were never made and no false information was given to Margolis. Sweet Life also refers to the principles of negligent misrepresentation as set out by the Restatement (Second), Torts (1979), 522. In paragraph 31 of his complaint, Margolis alleges that Sweet Life "negligently misrepresented . . . [Margolis'] employment prospects to him although it knew or reasonably should have known that it would not execute its agreement." In paragraph 32 of his complaint, Margolis alleges that as a result of his reliance, he has sustained past and future financial, physical, and emotional damage. The Restatement (Second), Torts (1981), 552 states in part:
 (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the CT Page 9200 information.
"It is sufficient [for the purposes of a cause of action for negligent misrepresentation], to allege that the representations contained false information." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 218, 520 A.2d 217 (1987).
 [T]he case law in numerous jurisdictions suggests that courts liberally construe the pleadings in a way so as to sustain such a claim [for negligent misrepresentation], particularly where the allegations in a complaint indicate, on their face, that an employer failed to exercise reasonable care in making representations to an employee on which the employee relied to his detriment.
Id. 220. Margolis alleges that Sweet Life had negligently misrepresented information to him which they knew or should have known was false and that he relied on that information to his detriment. Margolis alleges a legally sufficient claim for negligent misrepresentation that is sufficient to withstand a motion to strike. Whether the alleged representations were made to Margolis, whether or not false information was given to Margolis, and whether Margolis suffered due to his reliance are best left for determination at trial. See Grubb Ellis Company v. Dinardo, supra. The motion to strike count three on this ground is denied.
Count Four — Defamation
Sweet Life asserts, in its motion to strike, that Margolis' defamation claim must be dismissed. In its brief, Sweet Life claims that Sweet Life has not defamed Margolis in any way. Sweet Life claims that it did not disclose the basis for withdrawing its employment offer to Margolis to others and that it never had a contract with Margolis so that the entire claim is absurd. In his memorandum, Margolis argues that, for the purposes of a motion to strike, all well pleaded facts are taken to be true. Margolis argues that he has alleged that Sweet Life told others in the business community about the basis of its revocation of his employment offer and that the basis of the revocation was false information. Therefore, Margolis argues, he has sufficiently alleged a defamation claim for the purposes of a motion to strike.
"A defamation action is based on the unprivileged CT Page 9201 communication of a false statement that tends either to harm the reputation of another by lowering him in estimation of the community or to deter others from dealing or associating with him." Murray v. Schlosser, 41 Conn. Sup. 362, 364, 574 A.2d 1339
(Corrigan, J. 1990); Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 316, 477 A.2d 1005 (1984). Margolis' complaint at paragraph 34, states as to the defamation claim:
 [D]efendant, by and through its agents, has disclosed the basis for dishonoring plaintiff's contract with other employees as well as vendors, causing severe problems for plaintiff in seeking new employment.
Paragraph 35 of the complaint goes on to state:
 As a result of defendant's disclosure of the reasons for dishonoring plaintiff's contract, . . . plaintiff has sustained . . . financial harm as well as the loss of his personal and professional reputation.
Margolis has sufficiently alleged his defamation claim to withstand a motion to strike. Sweet Life is again arguing the merits of Margolis' claim, which is best determined at trial. See Grubb 
Ellis Company v. Dinardo, supra. Motion to strike count four of Margolis' complaint is denied.
The motion to strike all counts is denied.
Frank S. Meadow State Trial Referee