[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike the plaintiff's claims of intentional infliction of emotional distress and defamation on the grounds that the plaintiff has not sufficiently alleged a cause of action for intentional infliction of emotional distress in count one and defamation in count two.
On March 28, 1994, the plaintiff, Wanda Scandura, filed a three count amended complaint seeking damages from the defendant, Friendly's Ice Cream, Inc. [Friendly's], in count one for intentional infliction of emotional distress, in count two for defamation and in count three for discriminatory treatment under the Workers' Compensation Act, General Statutes § 31-275 et seq. The plaintiff alleges that from February 1991 to July 1991, she was the general manager of a Friendly's restaurant. The plaintiff alleges that she terminated her employment with Friendly's after the defendant's agents, District Managers Messer and Collins, criticized her managerial skills to her co-workers and customers and had her reassigned to a lesser position in another restaurant. In particular, the plaintiff alleges that Messer told her she was "in over her head," and that Collins told her she was not "a manager of the 90s." The plaintiff alleges that this criticism was defamatory and constituted an intentional infliction of emotional distress.
On March 8, 1994, the defendant filed a motion to strike the first and second counts of the plaintiff's amended complaint, together with a memorandum of law in support of that motion. The defendant moves to strike count one on the CT Page 7175 grounds that the plaintiff's claim of intentional infliction of emotional distress is legally insufficient in that it fails to allege facts which, if proven, would constitute "extreme and outrageous" conduct; fails to allege the absence of a privilege; and is barred by the exclusivity provisions of the Workers' Compensation Act. The defendant moves to strike count two on the grounds the alleged defamatory statements were an opinion and privileged. The plaintiff filed a memorandum of law in opposition to the defendant's motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book § 152." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). The court "must take the facts to be those alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to sustaining its legal sufficiency." Warner v.Konover, 210 Conn. 150, 152, 553 A.2d 1138 (1989). If facts provable under the allegations of the complaint would support a cause of action, the motion to strike must fail. Mingachosv. CBS, Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985).
Count One
The defendant argues that the plaintiff has failed to allege in count one of the amended complaint facts which, if proven, would rise to the level of "extreme and outrageous" conduct necessary to maintain a claim for intentional infliction of emotional distress. The defendant contends that a contrary holding would prevent employers from ever criticizing the performance of their employees without subjecting themselves to liability. The defendant also argues that the alleged statements, even if they were made, are privileged and, therefore, not actionable. Finally, the defendant argues that the plaintiff's claims are barred by the exclusivity provisions of the Workers' Compensation Act.
 In order for a plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that CT Page 7176 the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's emotional distress; and (4) that the emotional distress sustained by the plaintiff was severe.
Boylan v. Underwriters Adjusting Co., Superior Court, judicial district of Waterbury, Docket No. 097381 (March 23, 1993), quoting Petyan v. Ellis, 200 Conn. 243, 510 A.2d 1337 (1986). It is the second requirement that the defendant claims is not sufficiently alleged. "Whether conduct is to be considered `extreme and outrageous' in this context is for determination by the court in the first instance." McGrath v. The YaleCorp. , Superior Court, judicial district of New Haven, Docket No. 326144 (May 17, 1993), citing Kirtner v. Nidec-TorinCorp. , 622 F. Sup. 112, 114 (D. Conn. 1987). Liability for intentional infliction of emotional distress has been imposed only where there has been "extreme and outrageous" conduct.
 It is not enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "Outrageous!"
Restatement (Second) of Torts § 46 comment d (1977). CT Page 7177
In the present case, "[t]he allegations of the plaintiff pertain to statements concerning her level of job performance and her ability or inability to successfully interact with others in an employment setting. These allegations fall short of alleging `extreme and outrageous conduct.'" McGrath v. TheYale Corp. , Superior Court, judicial district of New Haven, Docket No. 326144 (May 17, 1993). The plaintiff has failed to allege the extreme and outrageous conduct required to maintain a claim for intentional infliction of emotional distress. Accordingly, the defendant's motion to strike count one is granted. Because this ground is dispositive, the court does not consider the other grounds upon which the defendant moves to strike count one.
Count Two
The defendant next moves to strike count two of the plaintiff's amended complaint on the grounds that the alleged defamatory statements were privileged and an opinion. Privilege is an affirmative defense and therefore must be specially pleaded by the defendant. Practice Book § 164; Milesv. Perry, 11 Conn. App. 584, 594 n. 8, 529 A.2d 199 (1987). A claim that must be pleaded as a special defense may not be raised on a motion to strike. Forbes v. Ballaro, 31 Conn. App. 235,239, 624 A.2d 389 (1993). Accordingly, the motion to strike count two on the ground of privilege is denied.
A defamation action is based on an unprivileged communication of a false statement that tends either to harm the reputation of another by lowering him in the eyes of the community or to deter others from dealing or associating with him. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,316, 477 A.2d 1005 (1984).
 Although it is clear that expressions of opinion are constitutionally protected, the determination of whether a specific statement is one of opinion or one of fact is difficult . . . [and] must be made from the perspective of an `ordinary reader' of the statement. Some of the factors used to make this determination are: (1) its truth or falsity; (2) the language used; and (3) its context.
CT Page 7178
(Citations omitted.) Murray v. Schlosser, 41 Conn. Sup. 362,365, 574 A.2d 1339 (1990, Corrigan, J.). These are factual determinations that should be more thoroughly probed during discovery and at trial. The plaintiff has alleged facts sufficient to state a cause of action for defamation. The defendant's motion to strike the plaintiff's defamation claim is therefore denied.
Mary R. Hennessey, Judge