[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (No. 114)
A. FACTS
The plaintiff, Dexter Shaw, alleges that the defendant, John Giannini, Jr., requested that the plaintiff assist the defendant in cutting down a large tree on the defendant's property. The plaintiff agreed and both parties commenced cutting down the tree. The plaintiff alleges that the defendant "provided a ladder for this purpose [cutting down the tree] and guided and assisted Dexter Shaw as he went up the CT Page 995 tree hoping to cut it down." At about 1:00 p. m. the plaintiff fell from the ladder and landed on the ground. Plaintiff alleges that he sustained injuries from the fall. The plaintiff has alleged essentially a negligence cause of action against the defendant. The defendant has filed a motion to strike paragraph 5(f) of the first count. In support the defendant filed a memorandum in support and the plaintiff has filed and objection to the defendant's motion to strike and a supporting memorandum.
B. DISCUSSION
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted).Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368
(1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
The defendant stated the ground for striking paragraph 5(f) of the first count as: "[T]his motion to strike is made for the reason that no duty has been alleged to be due and owing to the Plaintiff such that a cause of action sounding in negligence or negligent hiring can be sustained against the undersigned defendants." (Emphasis in original.).
the court does not address the merits of the motion to strike, because the defendant is improperly using the motion to strike a single paragraph of a complaint which does not state an independent cause of action. "A motion to strike a single paragraph is technically improper when the paragraph does not purport to state a cause of action." Zavo v.Montanaro, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 94 313902 S (January 25, 1995, Cocco, J.). "[W]here `individual paragraphs standing alone do not purport to state a cause of action,' a motion to strike cannot be used to attack the legal sufficiency of those paragraphs." Id., quoting Jaramillo v. Adis, 8 CSCR 660 (May 5, 1993, Ballen, J.); see also Rea v. Allstate, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 463702 (October 12, 1995, Arena, J.). CT Page 996
The plaintiff alleges in paragraph 5 "This falling accident, and its sequelae, was directly and proximately caused by the negligence of the Defendant, John Giannini, in one or more of the following particulars: . . . (f) In that he failed to hire a professional tree cutter to preform [perform] said work." The plaintiff is attempting to set forth possible avenues for its negligence claim, all of which are part of the first count. In this court's opinion, the plaintiff is not attempting to state an independent cause of action in paragraph 5(f) of the first count and, accordingly, the motion to strike is improper.
C. CONCLUSION
For the reasons herein stated, it is concluded that the defendant's motion to strike, ought to be and is hereby
It is so ordered,
ARENA, J.